# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND
v.
NORMAND BEDFORD

C.A. No. 05 095

Page 1 of 2

## PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Now comes Petitioner, Normand Bedford, in the above entitled matter, and hereby, moves this Honorable United States Federal District Court for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254.

Appellant/Petitioner appeals to this Court from the Rhode Island Supreme Court's January 21, 200(5)(4) Order denying his "Omnibus Motion to Stay Appeal, Remand the papers to the Providence Superior Court, and for Appointment of Counsel to represent him on a Motion to Vacate Illegal and Void Judgment of 1998 Conviction and Sentence.

Petitioner submits the attached memorandum in support of this Petition, by which he prays that this Petition be granted, through this Honor-

able Court's issuance of an executive order, vacating Petitioner's Illegal and Void Judgment of 1998 Conviction and Sentence with Prejudice, ordering the immediate release of Petitioner from custody of the Rhode Island Department of Corrections Maximum Security Facility, in Cranston, R.I. 02920.

Dated: 2-21-05

Respectfully submitted
Normand Bedford
Normand Bedford
P.O. Box 8274
Cranston RI 02920

Certification

I hereby certify that a true copy of the within Petition for Writ of Habeas Corpus was mailed, Postage Prepaid, to: R.I. Attorney Generals Office, Mr. Aaron L. Weisman Esq., 150 South Main Street, Providence, RI 02903, this 21st day of February 2005.

Normand Bedford

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND

v. C.A. No.________

NORMAND BEDFORD

## PETITIONER'S MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner filed a "Motion to Stay Appeal, and Remand Case and File back to the Providence Superior Court, and Appoint Counsel to represent him on his Void Judgment of 1998 Conviction and Sentence" adjudicated on May 22, 1998 with unlawful sentencing on July 10, 1998. That motion was filed in the Rhode Island Supreme Court on 6/24/2004. The same was filed as an exhibit with this Honorable Court on 7/2/04. The primary grounds for filing of the above was premised on the fact that Petitioner was denied the fundamental right of effective assistance of counsel for many of the most critical stages of proceedings, ie. "Closing arguments at trial, first motion for new trial and

sentencing." These factors alone violate the Petitioner's Sixth Amendment right to the R.I Constitution and Fourteenth Amendment to the United States Constitution. See U.S. v. Mateo 950 F.2d 44 (1st. Cir. 1991); Johnson v. Zerbst, 58 S.Ct. at 1023. Petitioner asserts that he was compelled against his will to represent himself without a knowing, intelligent and effective waiver. See also Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed. 2d 530 (1972). These cases stand for the proposition that the Sixth Amendment to the Constitution of the United States mandates a right to counsel in misdemeanor cases only in the event that a defendant is sentenced to incarceration. To put it another way, a defendant who is not accorded the right to counsel may not, consistent with the Sixth Amendment, be sentenced to imprisonment, for no matter how limited a period, especially, as in the case of Petitioner, in a capitol case.

2. Petitioner avers that despite many other crucial factors, notwithstanding the aforementioned, his case was "prematurely docketed"

on appeal to the Rhode Island Supreme Court. This erroneous docketing of Petitioner's appeal was in spite of his "Motion to Hold Docketing of Appeal in Abeyance" filed on July 25, 2002, and received by the R.I Supreme Court on August 1, 2002. However, the Court failed to file the motion in the "Docket Event Listings," even though the same was received by certified mail receipt, No. 7099 3400 0008 5304 5555. Petitioner submitted these facts at length in his first (1st) and second (2nd) Supplemental Memorandums in Support of his previously filed Petition for Writ of Habeas Corpus in C.A. No. 04-271L. Petitioner filed his first (1st) Supplemental Memorandum on September 23, 2004 with Id. # 73121, by priority mail, however, due to [malicious Prosecution and abuse of Process, as well as documented allegations of "mail tampering", the first (1st) Supplemental Memorandum was not recorded with this Honorable Court. See Petitioner's copy of mail receipt and first (1st) Supplemental Memorandum with two (2) page cover letter dated September 23, 2004 enclosed herein, without exhibits, as Exhibit "A".

Specifically, Page eight (8) of Petitioner's 'first' Supplemental Memorandum, he explains at length the aforementioned criminal acts. See Exhibit "A" herein. (Petitioner's first Supplemental Memorandum dated September 23, 2004), without exh.

3. Petitioner's 'second' Supplemental Memorandum is comprised of seventy-two (72) Pages and was received and filed with this Court on September 30, 2004 along with his Affidavit of Distress Infinite and attached Claim of Lien, certified mail receipt, No. 7004 0750 0002 5736 4026, received by "Agent" C. Brule, notably, this same "Agent" received the 'mysterious' and 'obscure' "Motion to Enlarge Time" with exhibits A-D as mentioned above. See certified receipts herein, as Exhibit "B". Again this Motion to Enlarge with exhibits A-D was never filed by R.I Supreme Court Clerk, nor was Petitioner given any response by Mr. Michael Cafferty Jr, as demonstrated in two (2) seperate letters as set forth in the above exhibits A-D of hidden Motion to Enlarge Time. See "obscure Motion to Enlarge Time" with Exhibits A-D as Exhibit "I", herein.

4. Nevertheless, this Court ignored Petitioner's factual allegations of [malicious prosecution and abuse of process] in violation of Federal law, 42 U.S.C. Section 1983 and Section 7:56, violated by the State of Rhode Island et al., including the Rhode Island Department of Corrections.

5. Petitioner's 'second' (2nd) Supplemental Memorandum at Page three (3), also highlights one (1) of two (2) "Motions to Enlarge Time" that were not filed by Rhode Island and Supreme Court Clerks, thus giving rise to U.S. Magistrate Judge Jacob Hagopian's misrepresentation of material facts regarding Petitioner's excessively delayed appeal. Id. at Pages two (2) and Page four (4) of his Report and Recommendation of October 14, 2004, whereby, he erroneously, stated on Page two (2) Paragraph two (2) that "Bedford, however, failed to timely file his brief for his appeal with the State supreme court." And on Page 4 (4), stated "it is Bedford that has missed the recent deadline to file briefs in the State supreme court for his appeal in this matter." See R+R dated October 14, 2004 in C.A. No. 04-271L Despite Petitioner's clarification of this error,

documented in his "Objection to Report and Recommendation" filed with this Court on November 3, 2004, his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. Section 2254 was erroneously denied by U.S. Federal District Court Senior Judge Ronald R. Lagueux, on November 10, 2004. See Report and Recommendation, enclosed herein as Exhibit "C".

6. Petitioner's second (2nd) "Motion to Enlarge Time" that R.I. Supreme Ct. Clerk deliberately denied to file dated June 3, 2004 is Exhibit "A" of the last Motion to Enlarge Time dated July 14, 2004, received by "Agent" C. Brule, of the U.S. Federal District Court Chief Justice Ernest C. Torres, restricted delivery on August 27, 2004. Exhibit "A" noted above has cover-letter addressed to R.I. Supreme Ct. Clerk Mr. Michael Cafferty Jr., who is a key co-conspirator in the egregious violations of Petition- Constitutional and Civil Rights. Again both the 6/3/04 and the 7/14/04 "Motions to Enlarge Time" were received by "Agent" C. Brule as great weight of evidence supported by certified mail receipt as Exhibit "B", the same two (2) never recorded as though the

Petitioner had missed two (2) deadlines to file a brief in an "appeal" that was "Held in Abeyance," but that also was never filed in the docket as evinced in Exhibit "B" of Petitioner's Motion to Enlarge Time, received by "Agent" C. Brule, yet never recorded in the U.S. Federal District Court Docket History Report in C.A. No. 04-271L, that was Pending before the Court. Cert. receipt Exhibit "B"

7. Petitioner also submits his "Notice of Appeal" to the R.I. Supreme Court's Order of 1/21/04, which should be 1/21/05, with it's cover-letter of 1/28/05, inquiring once again, as to why his last Motion to Enlarge Time received "twice" on Aug. 2, 04 by R.I. Supreme Ct. Chief Justice Frank Williams, by restricted delivery was erroneously filed on 8/2/04 as "Letter with Exhibits" and not as it should have been Petitioner's "Motion to Enlarge Time". See R.I. Supreme Court Docket History Report in C.A. No. 03-30 enclosed herein, as Exhibit "D".

8. Again these facts were clearly defined in the Petitioner's Supplemental Memorandum on Page three (3) in C.A. No. 04-271L, and again in the

Petitioner's first (1st) Supplemental Memorandum at Page eight (8), and though this Court "did not" record the filing the Petitioner's D.O.C. filing receipt dated 9/22/04 with the Id. No. 73121, located on the bottom left enclosed herein as Exhibit "A", also corresponds with the certification page two (2), of the Supplemental Memorandum also enclosed as Exhibit "A" herein, which records the same Id. No. 73121. Incidently, in light of the Court's failure to record Petitioner's first (1st Supplemental Memorandum, which therefore, was never considered, whereby, a great weight of evidence therein, undoubtedly, warrants the relief Petitioner now seeks.

9. Additionally, pursuant to Petitioner's Affidavit of Distress Infinite and Claim of Lien filed with his second Supplemental Memorandum, certified mail receipt No. 7004 0750 0002 5736 4026, on 9/30/04 the State filed an "Objection" and Memorandum in Support thereof, dated 10/6/04, however, this Court's Docket History Report, C.A. No. 04-271L "does not" record the State's filing. See State's

10/6/04 Objection and Memorandum herein, as Exhibit "E".

10. These facts are severely troubling and support Petitioner's repeated claims of Obstruction of administration of justice in violation of Federal law, 18 USC Section 1503, concealment of evidence and [Malicious Prosecution and abuse of Process] in violation of Federal law 42 USC Section 1983 and Sec. 7:56, notwithstanding other violations of law supported by numerous Affidavits of truth, filed with this Court with official notorized seal and the original signiture of Petitioner, sworn on his own Commercial liability under the penalty of perjury.

11. Petitioner further contends that evidence viable to his cause, in the form of thirteen (13) pages of exhibits to his 12/10/04 transcripts (December 10, 04), filed in the R.I Supreme Court Clerks Office on 1/2/03, are still being unlawfully withheld, which constitutes "concealment of evidence" in

violation of Federal law 18 USC. Section 1503, simply because that evidence was exclusively, subpoenaed on two (2) seperate occassions, through the Providence Superior Court C.A. No P1/97-1715A, but never handed over to the Petitioner, because of an ellaborate scheme and a "corrupt endeavor" to "obstruct administration of Justice" and to bar it's use in Petitioner's excessively, delayed appeal, as it relates to the State's illegal inducement of two Key witnesses one month Prior to Petitioner's trial, in violation of Federal law Title 18 of the United States Code Section 201(c)(2), thus, highly relevant for Petitioner's Cause.

12. Petitioner submits that the aforementioned entitles him to immediate relief in the form of this Court's issuance of an "executive order" granting Petitioner's instant Petition for Writ of Habeas Corpus, pursuant to 28 USC. Sec. 2254, ordering the immediate release of Petitioner from State custody of the R.I Department of Corrections Maximum Security Facility, P.O. BOX 8274, Cranston, RI 02920

Moreover, notwithstanding the fact that Petitioner filed a "Motion to Hold Docketing of appeal in Abeyance" on July 25, 2002, received and time stamped by the R.I. Supreme Court on August 1, 2002, as evinced from the enclosed memorandum on Petitioner's "Motion to Stay Appeal, Remand Case and File back to the Providence Superior Court, and Appoint Counsel", enclosed herein, as Exhibit "F", Id. at P. 28, but the R.I. Sup. Ct. R. Crim. P., Rule 35, concluded that "The appropriate procedure for challenging an improperly or an illegally imposed sentence is to seek revision of the sentence initially in the Superior Court, pursuant to this Rule." And as stated in Petitioner's Exhibit "F", herein, on page twenty-five (25), the Court also stated that "The defendant's failure to seek a motion determination precluded the Supreme Court considering the defendant's challenge to the sentence." See State v. McVeigh, 660 A.2d 269 (R.I. 1995). Therefore, Petitioner's motion was properly before the R.I. Supreme Court, thus it was an abuse of the Court's discretion to deny Petitioner's motion in that Court. See enclosed R.I. Supreme Court Order of 1/21/2004, which should be 1/21/2005, as Exhibit "G".

It can also be inferred that since the State withheld Petitioner's 6/25/98 transcripts relevant to his cause, related to his "determination of attorney" proceedings regarding his illegal and void judgment of conviction and sentence, immediately thereafter on 7/10/98, and not forwarded to the Petitioner until 12/13/04, after years of exhaustive pursuit of such, the state is "soley" responsible for the Petitioner's excessively delayed appeal of otherwise unlawful 1998 conviction and sentence. See enclosed as Exhibit "H", (State's 12/13/04 Supplemental Memorandum or Response to Petitioner's Motion to Adjudge in Contempt.) This error continued in spite of the R.I Supreme Ct.'s 6/4/04 Order to provide Petitioner with his transcripts of 6/25/98.

The State of R.I. is "solely" responsible for Petitioner's excessively delayed appeal for other reasons than those stated above. This can be said in light of the State's deliberate and ongoing "concealment of evidence" in the form of "thirteen (13) pages of exhibits" as part of Petitioner's 12/10/04 trial transcripts

of his "Motion for New Trial Based on Newly Discovered Evidence" erroneously, denied on 12/10/04. Thus, U.S. Magistrate Judge Jacob Hagopian, also abused his discretion in his 10/14/04 Report and Recommendation, Id. at P.4 enclosed herein, as Exhibit "C", wherby, he erroneously, stated that "While Petitioner's appeal has been delayed, his assignment of responsibility as falling solely with the state is misplaced." In fact, other evidence submitted to this Court in Petitioner's seventy-two (72) Page Supplemental Memorandum as Exhibit "K", therein, where the State in it's 11/10/99 Supplemental Response to Petitioner's Petition for Writ of Certiorari Purports that "the State 'apologizes' to the R.I. Supreme Court for it's mistake in not ruling on Petitioner's "Motion for New Trial Based on Newly Discovered Evidence, which notably wasn't heard until 12/10/04. Now the "exhibits" to the same are still being withheld and/or concealed from Petitioner in violation of Federal law, 18 USC. Section 1503. Petitioner should not be compelled as he has, to file and refile the same evidence in support of his claims before this Court will grant

the relief Petitioner rightly deserves, as it relates, amongst other reasons, his excessively delayed appeal. See Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991)

Petitioner has demonstrated by the preponderance of evidence that "there is no opportunity to obtain redress in the state court and that corrective process is so clearly deficient as to render futile any effort to obtain relief." See Duckworth v. Serrano, 454 U.S. 1,3 (1981).

Furthermore, the state's [malicious prosecution and abuse of process] has compounded the confusion in the entire record, whereby, this Court has been caused to error in the past, regarding two other independent Petitions for Habeas Corpus relief, as well as a Petition for Removal of Causes. See C.A. No. 00-466T; C.A. No. 04-271L. Note: Removal of Causes C.A. No. unknown at this time. Also, when state has assigned ineffective counsel resulting in an ordinate delay in perfecting direct appeal and extended imprison- for Petitioner, it must assume "responsibility." See Crim. Law key 1068½. Harris v. Kuhlman 601 Fed. Supp. 987 (1985)

Wherefore, Petitioner prays that the instant Petition for Writ of Habeas Corpus Pursuant to 28 USC Section 2254 be granted.

Petitioner further prays that this Court issue an "executive order" vacating his illegal and void judgment of Conviction and sentence, obtained in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, with Prejudice, ordering the immediate release of Petitioner from State custody of the RI Department of Corrections, Maximum Security Facility, in Cranston RI 02920.

Respectfully submitted

Date: 2-21-05

Normand Bedford

Normand Bedford
P.O. Box 8274
Cranston, RI 02920

Note: See Exhibit "I" herein, as "Obscure and Concealed Motion to Enlarge Time" with Exhibits A-D therein.

# Certification

I hereby certify that a true copy of the within Petition for Writ of Habeas Corpus with exhibits A-I was mailed, Postage PrePaid, to: R.I Attorney Generals Office, Mr. Aaron L. Weisman Esquire, 150 South Main Street, Providence R.I 02903 this 21st day of February [redacted] 2005.

Normand Bedford

Normand Bedford
P.O. Box 8274
Cranston, R.I
02920

# EXHIBIT "C"

# MOTION FOR EXECUTIVE ORDER

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**INTER-OFFICE MEMO**

DATE: 12/16/2004

TO: Inmate NORMAN L BEDFORD

DEPT: MEDIUM SECURITY

FROM: Walt Whitman, Warden

DEPT: MEDIUM SECURITY

SUBJ: APPEAL OF DISCIPLINARY BOARD'S DECISION

INFRACTION(S): DISREGARD, REFUSAL TO WORK, DISOBEY AN ORDER FRAUDULENT REQUEST ANY TYPE.

INFRACTION DATE: 11/23/2004 TIME OF INFRACTION: 12:00 PM

I regret to inform you that a review of the materials pertaining to your disciplinary hearing offers no substantive evidence that would warrant my rescinding or altering the decision as set forth by the Disciplinary Board.

Therefore, your appeal is denied.

Board action stands: 25 DAYS PS 25 DAYS LGT
RECOMMENDED DOWNGRADE

cc: Records & Id, with original booking
Inmate's File, Admin.
Inmate's File, Captain
Parole Coordinator, Intake Center
Classification, if recommendation for downgrading
Furlough Coordinator
Deputy Warden

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**INTER-OFFICE MEMO**

DATE: 12/16/2004

TO: Inmate NORMAN L BEDFORD

DEPT: MEDIUM SECURITY

FROM: Walt Whitman, Warden

DEPT: MEDIUM SECURITY

SUBJ: APPEAL OF DISCIPLINARY BOARD'S DECISION

INFRACTION(S): DISREGARD, REFUSAL TO WORK, DISOBEY AN ORDER
FRAUDULENT REQUEST ANY TYPE.

INFRACTION DATE: 11/22/2004 TIME OF INFRACTION: 12:00 PM

I regret to inform you that a review of the materials pertaining to your disciplinary hearing offers no substantive evidence that would warrant my rescinding or altering the decision as set forth by the Disciplinary Board.

Therefore, your appeal is denied.

Board action stands: 20 DAYS PS 20 DAYS LGT

cc: Records & Id, with original booking
Inmate's File, Admin.
Inmate's File, Captain
Parole Coordinator, Intake Center
Classification, if recommendation for downgrading
Furlough Coordinator
Deputy Warden

# EXHIBIT "D"

# MOTION FOR EXECUTIVE ORDER

Dept. of Corrections
Director of Classification
Intake Service Center
P.O. Box 8249
Cranston, RI 02920

December 23, 2004

Re: Normand Bedford
ID# 102384
Objection to Downgrade Recommendation

Dear Mr. Dinitto:

Please file the enclosed Objection to Recommended Downgrade accordingly. Please inform me promptly as soon as your decision is rendered. Thank you Sir.

Sincerely
Normand Bedford
P.O. Box 8274
Cranston RI
02920

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS DEPT OF CORRECTIONS

NORMAND BEDFORD

v.

DEPT. OF CORRECTIONS
Director A.T. WALL II, et al.

# APPELLANT'S OBJECTION TO RECOMMENDED DOWNGRADE

Appellant Normand Bedford, who is an inmate at the Medium Security Facility-1, in Cranston R.I 02920, hereby submits his "Objection to Recommended downgrade" from Medium Security Facility to Maximum Security Facility. Upon a "Classification Hearing" heard on December 23, 2004, it was decided that recommendation would be made to acting Classification Director Mr. Joseph Dinitto, for final consideration and determination.

Appellant submits the attached Memorandum in support of the instant objection.

# APPELLANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO A RECOMMENDED DOWNGRADE

1. On November 29, 2004 Appellant was taken to segregation and booked for allegedly filing frivilous grievances, thus, abusing the grievance procedure. It was also recommended that Appellant be recommended for a downgrade to Maximum Security.

2. On December 23, 2004 Appellant was heard by the Classification Board and it was determined that recommended downgrade was to be made to Classification Director Mr. Joseph Dinitto for final approval. At the hearing, it was orally stated for the record that Appellant, Normand Bedford, was not "violent nor dangerous," but instead was considered, by Departmental Staff, to be a "Pain in the ass."

It is the contention of Appellant that the reasons for the downgrade do not warrant his being sent to a more dangerous environment and a higher level of security, especially, in light of his disability and taking Pschiatric medication for the same, as well as his disability which has greatly affected his reputation and interpersonal relationship difficulties.

3. Appellant has been twice assaulted, once seriously, causing severe trauma to his head and jaw. Appellant further submits that those assaults occured at Medium Security Facility-1. where he is housed.

4. Appellant submits that retaliation, harrassment and conspiracy are the real factors, to which his recommended downgrade evolves. This is supported by the fact that this makes the forth (4) time he has been recommended for a downgrade.

5. Wherefore, it would not be best in the interest of justice, to grant the Classification Board's recommendation to downgrade Appellant/inmate Normand Bedford to a more dangerous environment. Thus Appellant respectfully request that the Board's December 23, 2004 decision be denied.

Respectfully submitted
Normand Bedford
Normand Bedford
P.O. Box 8274
Cranston, RI 02920

Certification

I do declare under the penalty of perjury that I caused an original copy of the within "Objection to Recommended Downgrade" to be mailed this 23rd day of December 2004 by hand delivering the same to segregation Officer, for mailing to: RI Dept. Of Corrections Classification Director Mr. Joseph Dinitto, at Intake Service Center, P.O. Box 8249 Cranston R.I. via interdepartmental mail.

# EXHIBIT "E"

# MOTION FOR EXECUTIVE ORDER

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS R.I. DEPARTMENT OF CORRECTIONS

NORMAND BEDFORD

v.

R.I. DEPT. OF CORRECTIONS
Director A.T. Wall. II, et al.

## NOTICE OF APPEAL

Now comes Appellant, Normand Bedford, in the above entitled matter, and hereby, gives "Notice of Appeal," from the R.I. Department of Corrections Classification Board's Associate Director's December 30, 2004 final decision to "downgrade" inmate and Appellant, Normand Bedford to the Maximum Security Corrections Facility.

Respectfully submitted
Normand Bedford
Normand Bedford
P.O. Box 8274
Cranston, R.I 02920

# Certification

28 USC § 1746

I do declare under the penalty of Perjury that I caused an original copy of my Notice of Appeal to: RI Dept. of Corrections Director A.T. Wall II, 40 Howard Avenue, Cranston RI 02920 this 7th day of January 2005, by hand delivering to disciplinary confinement officer for mailing interdepartmental mail.

Normand Bedford

# EXHIBIT "F"

# MOTION FOR EXECUTIVE ORDER

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

December 30, 2004

Normand Bedford, ID #102384
John J. Moran Facility
Rhode Island Dept. of Corrections
Cranston, Rhode Island 02920

Dear Mr. Bedford:

In response to your letter dated December 23, 2004, please be advised of the following.

It is my understanding that on December 23, 2004, you were seen by Medium Classification Board as the result of a disciplinary infraction which occurred on November 23, 2004. After reviewing your entire record, it was the Board's recommendation to downgrade you to Maximum Security with a one-year review. The Board's recommendation, as well as your entire institutional record, was review by this office; and it was my decision to concur with the Board's recommendation to downgrade you to Maximum Security with a one-year review.

My decision is based on your poor institutional record, your high risk assessment score and your failure to comply with the rules and regulations governing Medium Security. Based on the aforementioned, I feel that you require a period of supervision, positive adjustment and close monitoring in a higher custody level. Therefore, it would follow that when bed space becomes available you will be transferred to Maximum Security until your next regularly scheduled review which is set for sometime in December, 2005.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

JAD/mh
cc: file
1204bedford

# EXHIBIT "G"

# MOTION FOR EXECUTIVE ORDER

13.10 DOC
Attachment 2
Page 1 of 1

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print using a ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheets in quadruplicate. Attach copy of previous Form (Informal Resolution Form).

To: (circle one) **Level 1, Warden** (circled) Level 2, Director

From: (name) NORMAND (First) BEDFORD (Last) L. (MI) 102384 (RIDOC ID #)

Facility: (circle one) ISC HSC MAX **MED** (circled) MED II MIN WR WOM/DIX COM.COMF.

Unfair, deceptive packaging PART A - INMATE REQUEST violation of 15 USCS §1452; 15 USCS §1453.

Facility where alleged incident occurred : Medium Security Facility-1, John J. Moran Complex.

Grievance / Complaint : On November 19, 2004, inmate Normand Bedford, requested a new mattress, because his current one was ripped and unfit to use. Bedford was given permission to bring his old mattress down to the Warehouse to obtain a new one. Bedford's request slip was torn-up by Officer Keith Vierra, who stated that "we don't do request slips," stated jokingly. When Officer Vierra came back with, what appeared to be a new mattress, he issued Bedford the mattress, stating "here's your new mattress." Bedford later discovered that

11-22-04 (Date) Normand Bedford (Inmate's Signature) [continued p.2]

Date Recieved

Staff Member's Signature

PART B - RESPONSE

Date Received

Signature - Associate Director Warden

Date

Associate Director - Warden

Distribution:
Level 1: White - Warden: Canary - Dept. Griev. Coord.: Pink - Inmate: Goldenrod - Inmate
Level 2: White - Dept. Griev. Coord.: Canary - Warden: Pink - Inmate: Goldenrod - Inmate

Continuation of Grievance at Level-1

the mattress he reveived from the Department of Corrections Medium Security Facility-1 warehouse was, in fact, a fraud, in violation of Federal law 15 USCS §§ 1452; and § 1453, Titled "Unfair and deceptive packaging and labeling;" and "Requirements of labeling; placement, form and contents of statement of quantity; supplemental statement of quantity."

Bedford asserts that the mattress cover was the only thing new about the mattress, and the contents inside are unequivically an "old beat-down" mattress, flattened out with no supporting material. Bedford avers that the representation that was given to him at the time he picked up the mattress, was deceptive, unfair, and fraudulent.

Bedford futher contends that the "fair packaging and labeling program" provides that "informed consumers are essential to the fair and efficient functioning of a free market economy." Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons. Therefore, it is hereby declared to be the policy of the Congress to assist consumers and manufacturers in reaching these goals in the marketing of consumer goods. (Nov. 3, 1966, P.L. 89-755, § 2, 80 Stat. 1296.) See 15 USCS § 1451.

Additionally, Bedford avers that pursuant to the scope of prohibition to the "unfair and deceptive packaging and labeling laws of commerce, namely 15 USCS § 1452, it states in pertinent part: "It shall be unlawful for any person engaged in the

packaging or labeling of any consumer commodity (as defined in this Act [15 USCS § 1451 et seq.]) for distribution in commerce, or for any person (other than a common carrier for hire, a contract carrier for hire, or a freight forwarder for hire) engaged in the distribution in commerce of any packaged or labeled consumer commodity if such commodity is contained in a package, or if there is affixed to that commodity a label, which does not conform to the provisions of this Act [15 USCS §§ 1451 et seq.].

It is further enunciated in 15 USCS § 1453, titled "Requirements of labeling; placement, form, and contents of statement of quanity; and supplemental statement of quanity, that "No person subject to the prohibition contained in section 3 [15 USCS § 1452] shall distribute or cause to be distributed in commerce any packaged consumer commodity unless in conformity with regulations which shall be established by the promulgating authority pursuant to section 6 of this Act [15 USCS § 1455] which shall provide that---

(1) The commodity shall bear a label specifying the identity of the commodity and the name and place of business of the manufacturer, packer, or distributor;

(2) The net quantity of contents (in terms of weight, measure, or numerical count) shall be separately and accurately stated in a uniform location upon the principal display panel of that label;

(3) The separate label statement of net quanity of contents appearing upon or affixed to any package.

It is stated in 15 USCS § 1456, subsection (b), titled Enforemcent that:

(b) Unfair or deceptive acts or practices in commerce. Any violation of any of the provisions of this Act [15 USCS §§ 1451 et seq.], or the regulations issued pursuant to this Act [15 USCS §§ 1451 et seq.], with respect to any consumer commodity which is not food, drug, device, or cosmetic, shall constitute an unfair or deceptive act or practice in commerce in violation of section 5(a) of the Federal Trade Commission Act [15 USCS § 45(a)] and shall be subject to enforcement under section 5(b) of the Federal Trade Commission Act [15 USCS § 45(b)].

There is no doubt that when inmate Bedford was given a mattress on Friday, November 19, 2004, that was said to be a "new mattress," that the action of Officer Keith Vierra, was deceptive, unfair, and discriminatory, in light of Bedford's continual filing of grievances against Department of Corrections Officers (Staff), for similar acts of "discrimination" and "retaliation." What is more troubling, is that the State Department of Corrections receives Federal Funding for commodities of every kind, including "new mattresses." If the money the State Department of Corrections receives for various commodities is not being spent on such, then where is the money being misappropriated spent?

Therefore, for the foregoing reasons, inmate Normand Bedford is clearly entitled to his request for a "new mattress." Wherefore, it is hereby, prayed that he receive a "new mattress" promptly, to resolve this grievance.

Respectfully submitted

Normand Bedford

Normand Bedford (Pro se)
Box 8274
Cranston, RI 02920

Certification

28 U.S.C. § 1746

I, do declare under the penalty of perjury that on this 22nd day of November, 2004, I hand delivered a copy of the enclosed grievance at Level-1, alleging violations of the Federal Trade Commission Act [15 USCS § 45(b)], to Grievance Coordinator Lt. Patrick Flynn, at the Medium Security Facility -1, John J. Moran Complex, 51 West Avenue, Cranston, RI 02920, which is five pages in length.

Normand Bedford

13.10 DOC
Attachment 2
Page 1 of 1

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print using a ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheets in quadruplicate. Attcach copy of previous Form (Informal Resolution Form).

Page 1 of 3

To : (circle one) ~~Level 1, Warden~~ **(Level 2, Director)**

From : (name) NORMAND (First) BEDFORD (Last) L. (MI) 102384 (RIDOC ID #)

Facility: (circle one) ISC HSC MAX **(MED)** MED II MIN WR WOM/DIX COM.COMF.

[Discrimination]; PART A - INMATE REQUEST [Cruel & unusual punishment].

Facility where alleged incident occurred : Medium Security Facility-1, John J. Moran Complex.

Grievance / Complaint : Inmate Normand Bedford, hereby, appeals his grievance denial, from Level 1 to Level 2. The issue involves his being denied an "indigent store order." The grievance at Level 1 was denied on 1/22/04. See copy of the denial attached as Exhibit "A". Inmate Bedford, posits that the issue of why he is unemployed by the D.O.C., is not relevant to the legal definition of one who is legally "indigent." Despite Bedford's permanent legal disability, which is characterized as a "personality disorder" and "depression" resulting in

11-23-04 (Date) Normand Bedford (Inmate's Signature) [continued on p.2

Page 1 of 3

11-24-04 (Date Recieved) [signature] (Staff Member's Signature)

PART B - RESPONSE

Date Received

Signature - Associate Director
Warden

Date

Associate Director - Warden

Distribution:
Level 1: White - Warden : Canary - Dept. Griev. Coord. : Pink - Inmate : Goldenrod - Inmate
Level 2: White - Dept. Griev. Coord. : Canary - Warden : Pink - Inmate : Goldenrod - Inmate

# EXHIBIT "H"

# MOTION FOR EXECUTIVE ORDER

Dear Director Wall: January 7, 2005

Please file the enclosed "Notice of Appeal" accordingly. I am appealing Associate Director for Classification, Mr. Joseph Dinitto's Dec. 30, 2005 decision to downgrade me to Maximum Security Facility, because my disciplinary history, or the majority thereof, was either dismissed or completely fabricated allegations, which were followed by the Medium Security Administration's "corrupt endeavor" to harass, intimidate, impede my access to the U.S. Federal Courts, and to retaliate against me for repeatedly exposing those involved with allegations and evidence of Federal criminal activity, which is supported by numerous notorized Affidavits of truth, filed with the U.S. Federal District Court, as well as the RI Attorney General's Office, as I'm sure you are more than aware, in light of the history of letters and complaints filed with your office. My disciplinary report exemplifies the conspiracy and repeated attempts to downgrade me dating back to 4/24/2001. The second attempt to downgrade me was 4/23/2002, one year later, and the final recommendation downgrade was 12/9/2004, which was successful.

Also, on 12/26/2000, I was erroneously found guilty of fighting, appealed and was denied after a successful endeavor, or rather "corrupt endeavor" to obstruct the administration of justice. I was, in fact, brutally assaulted and knocked unconcious, had my head stomped on by inmate David Ennis, who calculated the assault after someone stole paperwork of my alleged sexual assault crime, by which constitutes a "hate crime assault" against an alleged sexual offender. In support of above, I awoke in the Intake Security Hospital on the morning anniversary of my alleged crime, which was the date of 12/27/96. SIU investigator Linda Rose refused to question my eye witness who stated to me "he saw everything" and I never had a chance to fight back, if I wanted to. Linda Rose yelled at me, the "victim," at the top of her voice saying, "don't tell me how to do my fucking job!" This is when I asked her to conduct her investigation of my witness. She refused my repeated requests to contact the R.I. STATE Police so I could press criminal charges. My witness is still in this system for verification of facts.

I am finishing up 45 days of unlawful segregation for filing valid grievances. Now I'm booked for sending a Christmas Card to Counselor Michelle Mona, giving her my sincere blessing, as I am a Christian evangelist. The card was taken way out of context and said to be "sexual" which it was not at all.

I really want to stay at this Medium Security Facility. Please understand I am not violent, dangerous or a discipline problem, as stated at the Classification Board, by the Chairman.

Wherefore, it is prayed and requested that you grant me (a) stay at this Medium Security Facility and not downgrade me Sir.

Sincerely
Norman Bedford

# EXHIBIT "I"

# MOTION FOR EXECUTIVE ORDER

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Department of Corrections**

Ashbel T. Wall, II
*Director*

January 14, 2005

Mr. Normand Bedford, ID# 102384
P.O. Box 8274
John J. Moran Medium Security Facility
Cranston, RI 02920

Dear Mr. Bedford:

After reviewing your January 7, 2005 letter concerning your classification, I can find no compelling reason to alter Mr. DiNitto's approval of the Classification Board's unanimous recommendation to classify you to maximum custody.

As of this writing, you are serving disciplinary confinement (formerly referred to as punitive segregation) in the Moran MED Facility, and you will be transferred to Maximum Security when there is room in that facility.

Once you have completed your disciplinary confinement, I strongly encourage you to remain booking free, abide by the Department's and your facility's rules and regulations, and take advantage of available treatment, rehabilitative, educational, and/or employment opportunities. Your next regular classification review is scheduled to occur in/around December 2005. However, after a number of consecutive months of good behavior, you may write to Mr. DiNitto and ask for an earlier review. The decision to grant or deny your request rests with Mr. DiNitto.

Incidentally, in your letter you mentioned a disciplinary report (booking) you received relative to a Christmas card you sent a staff member. However, that booking was issued after Mr. DiNitto rendered his decision; it did not affect your current classification status.

Sincerely,

A. T. Wall

Ashbel T. Wall, II
Director

informational copies:

| | | |
|---|---|---|
| J. DiNitto | J. Weeden | |
| W. Whitman | J. Gadsden | File |

# EXHIBIT "J"

# MOTION FOR EXECUTIVE ORDER

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Department of Corrections**

ASHBEL T. WALL, II
*Director*

February 2, 2005

Mr. Normand Bedford, ID# 102384
P.O. Box 8274
John J. Moran Medium Security Facility
Cranston, RI 02920

Dear Mr. Bedford:

In response to your 01/23/05 letter, please be advised of the following:

With respect to Warden Whitman's removing you from the inmate grievance procedure for a period of six months, reference policy #13.10 DOC, Inmate Grievance Procedure, and specifically item 7 beginning on page 4—Abuse of the Inmate Grievance Procedure. You will note (item g. on page 5) that you may submit a Level 2 grievance concerning the Warden's determination. Please resubmit your complaint on the proper form for further consideration.

I have no further comment regarding my support of Mr. DiNitto's 12/24/04 approval of the Classification Board's unanimous recommendation that you be classified to maximum custody.

Sincerely,

A.T. Wall

Ashbel T. Wall, II
Director

cc: R. McCutcheon
W. Whitman
J. Weeden
J. Gadsden
File

Director of Corrections January 12, 2005
Ashbel T. Wall II, et al.
40 Howard Avenue
Cranston, RI 02920

**Note: Copy of Request slip enclosed herein, as evidence.**

Re: Normand Bedford - ID#102384
Filing Affidavit of Complaint seeking relief

RECEIVED FEB 28 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

CA 05 095

Dear Mr. Wall II:

Please review the enclosed five (5), Page "Affidavit of Complaint" involving members of your Administration. Please file accordingly, and send me your response.

Also, I want to bring to your attention, that days after I filed a letter with your office dated 11/19/04, with attached "Affidavit of Complaint," later forwarded to the U.S. Federal District Court, I was retaliated against by Warden Whitman, who initiated unlawful disciplinary action against me, which led to 45-days "unlawful segregation," (disciplinary confinement), and "Removal from the Grievance Process" for 6-months, supported by D.O.C. Memo dated 11/22/04. After I sent you my appeal on the matter your response letter to me dated 12/24/04 failed to mention my dilemma, nor offer any relief.

Sincerely Normand Bedford

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS RI DEPARTMENT OF CORRECTIONS

NORMAND BEDFORD

v.

RI DEPT. OF CORRECTIONS
Director A.T. Wall II et al.

Violations: 18 U.S.C.A. Sections 1702 & Section 1503; 42 USC Sec' 1983 & 7:56

## Affidavit of Complaint

I. Affiant/Inmate, Normand Bedford, hereby, depose and say:

1. That I am in inmate at the R.I. Dept. of Corrections Medium Security Facility, and in "disciplinary confinement." Affiant asserts and alleges that on Jan. 9, 2005, he filed a formal request with Corrections Officer Sal Mattera, to be mailed to Lt. John Meehan, a higher level of command, regarding alleged violation of due process, whereby, Affiant claims that he did not receive a copy of his inventory sheet upon commitment to "disciplinary confinement," wherefore, he requests a copy. Affiant alleges

Note: Copy of Request slip enclosed herein, as evidence, to Affidavit of Complaint dated 1/12/05.

that Officer Sal Mattera, did not place Affiant's formal request in the mailbox as requested, instead taped the request at an unknown location to be found by Officer Mitzel, who was named in the formal request that was addressed to Lt. John Meehan. Affiant alleges that Officer Sal Mattera's unlawful act was deceiptful and a violation of numerous Federal laws, namely. "Obstruction of correspondence" in violation of 18 U.S.C.A. Sec. 1702; "Corrupt endeavor" to obstruct administration of justice in violation of 18 U.S.C.A. Sec. 1503; "Prying into the business or secrets of another" defined in 18 U.S.C.A. Sec. 1702; and mail tampering. The allegations against Officer Mattera are serious and violate the laws of ethics, commerce, as well as the public's trust. The aforementioned facts are supported by tangible evidence, in that, the morning of January 10, 2005, Officer Mitzel handed or delivered Affiant's formal request back to him with a hand written note at the bottom of the request, stating "I gave you one." Officer Mitzel was repeatedly asked for a copy of

inventory sheet to verify Affiant's inventoried Property. When Affiant's requests were not met he filed a formal request with Officer Sal Mattera, to be mailed to Lt. John Meehan.

2. Affiant further alleges that upon request to ascertain his prospective completion date of disciplinary confinement, Officer Sal Mattera, allowed Affiant to view the recorded and "typed in" days of punitive disciplinary confinement and it was discovered that 10-days were unlawfully added to Affiant's sentence, constituting [Malicious Prosecution and abuse of process] in violation of Federal law, 42 U.S.C. Sections 1983 and Section 7:56. Affiant further alleges that the aforementioned are part of a "broad conspiracy" to obstruct justice, harrass, intimidate, and retaliate against Affiant for repeated allegations of all the same criminal activity mentioned above involving high State Officials, within and outside the Dept. of Corrections. Affiant is Challenging an illegal and void Judgment of Conviction, by which, he has been held against his will and against the law, for a period of eight years (8).

3. Affiant seeks Administrative Sanctions and Proposes that criminal Charges be filed against Corrections Officers' Sal Mattera, and Officer Mitzel.

4. Affiant seeks sanctions against the two (2) named Officers' in the form of two (2) weeks suspencion without pay for the Official corruption mentioned herein.

5. Affiant submits that the aforementioned Claims have been brought to the attention of the United States Federal District Court and the United States Court of Appeals for the First Circuit, however, Affiant's due process continues to be violated and the offenses continue to be exacerbated.

6. Affiant seeks an Order to Show Cause why the State of Rhode Island et al., should not move the Court to Vacate his illegal and void Judgment of 1998 Conviction and Sentence, with prejudice ordering immediate release from State custody of the R.I. Dept. of Corrections, whereby, [Malicious Prosecution and abuse of Process] in violation of Federal law, 42 U.S.C Sections 1983 and Section 7:56 are evident and factual.

7. I, Affiant, Normand Bedford, hereby depose and say under the penalty of perjury that the aforementioned declarations within the body of this Affidavit of Complaint are true, correct and complete, not misleading, the truth, the whole truth and nothing but the truth so help me God.

Respectfully submitted
Normand Bedford
Normand Bedford
P. O. Box 8274 Seg 5B
Cranston, RI 02920

Subscribed and sworn before me in Cranston RI the County of Providence in the State of Rhode Island and Providence Plantations this 18th day of January 2005.

Date: 1/18/05, 2005 [signature] Notary Public
Exp 4/4/05 Clerk/Notary Public

I do declare under the penalty of perjury that on this ______ day of __________ 2005 I mailed the attached Affidavit of Complaint to: R.I. Dept. of Corrections, Director A.T. Wall II, at 40 Howard Avenue, Cranston RI 02920 by hand delivering the same to disciplinary confinement officer for mailing interdepartmental mail.

Normand Bedford

# Certification

I do declare under the penalty of perjury that I mailed a true copy of the enclosed Affidavit of Complaint with Cover-letter dated 1/12/2005, demonstrating mail tampering, this 21st day of February 2005, via Inter-Departmental mail, by placing the same in the internal mailbox at Maximum Security Facility, Cranston R.I. 02920, addressed to: R.I. Dept. of Corrections, Director A.T. Wall II, et. al., however, forwarded to: R.I. Dept. of Corrections, Chief Appellate Attorney Patricia A. Coyne Fague, 40 Howard Avenue, Cranston R.I. 02920; Copy also forwarded to: R.I. Attorney General's Office, Mr. Aaron L. Weisman Esq., 150 South Main Street, Providence RI. 02903. Copies of above are notorized by official "Notary Public", Note: Copy that was previously sent, referenced in Chief Appellate Attorney Patricia A. Coyne Fague's 2/16/05 Letter to Petitioner was "not" notorized.

Dated: 2/21/2005
(Pro se)

Normand L. Bedford
NORMAND L. BEDFORD
P.O. BOX 8274
CRANSTON, RI 02920

- [ ] CHAPLAIN
- [ ] JOB
- [ ] WAREHOUSE
- [ ] EDUCATION
- [ ] RECREATION
- [ ] CELL CHANGE
- [x] OTHER: Being denied Copy of (inventory sheet)
- [ ] HAIRCUT

FROM: Normand Bedford ID#: 107384

MOD-CELL: Seg #5B JOB: none

TO: Lt. Meehan DATE: 1-10-05

- [ ] **MISSED HAIRCUT APPOINTMENT**

**Resubmit After:**

**REASON:** Dear Mr. Meehan, I was not given a property inventory sheet upon commitment to Seg. C/o mitzel is lying and I affirm in the Holy name of Jesus Christ he did not give me my inventory sheet, though he says he did. I am requesting my property inventoried and want a sheet inventory Please. thank you.

**REPLY:** I gave you one

SIGNATURES: [signature]

Officer (Required) Responding Staff

LtK.H\doc\form\Request Slip.11/02-1

# EXHIBIT "A"

# MOTION FOR EXECUTIVE ORDER

A.C.I. Disciplinary Report ☐ ISC ☐ HS ☐ MAX ☒ MED ☐ MD2 ☐ MIN ☐ WKR ☐ RU ☐ HC ☐ DIX ☐ GM

**PART I DISCIPLINE REPORT**

| | | |
|---|---|---|
| NAME OF INMATE DATE OF BIRTH: NORMAN BEDFORD ID# 10781 | BOOKING # 8210 DATE OF BIRTH: 1/11/63 | FILED (Date & Time): 11/29/04 1400 QUARTER ASSIGNMENT: ER8T |
| PLACE OF INFRACTION: MEDIUM SECURITY | DATE OF INFRACTION: 11/20/04 | TIME: UNK JOB ASSIGNMENT: |
| INFRACTION/S: REFUSING LAWFUL ORDER MAKING FRAUDULENT REQUEST | CODE/S: 20, 36 | WAS INMATE FOREWARNED BEFORE DISCIPLINARY ACTION WAS TAKEN? IN PERSON YES ☒ NO |

DESCRIPTION OF INFRACTION: ☐ Class 1, Highest ☒ Class 2, High ☒ Class 3, Moderate ☐ Class 4, Low

INMATE FILED 9 FRIVOLOUS GRIEVANCES IN 2004. (23% OF ALL FILED) INMATE WAS ORDERED BY MYSELF ON 11/20/04 AND 11/23/04 NOT TO FILE ANY GRIEVANCES FOR 6 MONTHS. INMATE WAS SHOWN WARDEN'S ORDER. INMATE INSISTED ON FILING GRIEVANCE DESPITE THESE ORDERS. INMATE WENT TO LT MCELROY TO SIGN THE GRIEVANCES.
*INMATE WAS BOOKED ON 4/6/04 FOR SAME – 1578 15L097 *

INMATE'S S ATTITUDE AT TIME OF INFRACTION: DEFIANT

INSTITUTIONAL PERSONNEL WHO WITNESSED THE INFRACTION

SIGNATURE OF REPORTING EMPLOYEE: P FLYNN

NAME AND TITLE (PRINTED): P FLYNN LT

**PART II INVESTIGATION BY SUPERIOR** - SUBSTANCE ABUSE OFFENSE # (circle) 1 2 3 - subsequent

DISCIPLINE REPORT READ AND COPY DELIVERED TO ABOVE INMATE BY: LT STANKAITIS DATE INMATE INFORMED: 11-29-04 TIME: @ 2:50pm

INMATES STATEMENT AND ATTITUDE AT THE TIME OF INVESTIGATION: Denies being told not file; states he was informed at a later date. Will explain further.

INVESTIGATOR'S COMMENTS AND CONCLUSIONS: Valid based on report

INMATE REQUESTED WITNESSES Y / N — WAIVE 24 HR. NOTICE Y / N — REPRESENTATIVE Y / N

INMATE'S PLEA: Not Guilty

ATTITUDE:

INMATE'S STATUS WHILE AWAITING HEARING: Remained LFT

SIGNATURE: [signature] TITLE: [illegible]

**PART III DISPOSITION BY DISCIPLINARY BOARD**

DATE: 11-30-04

INMATE'S PLEA TO CHARGE: Not Guilty

WAIVE 24 HR. NOTICE Y ☒ N

INMATE REQUESTED WITNESSES Y ☒ N REPRESENTATIVE Mulcahey

INMATES COMMENTS TO BOARD REGARDING INFRACTION (USE CONTINUATION SHEET IF NECESSARY)

Inmate States "He Was Not Told He Could File Grievance."

TESTIMONY OF WITNESS/ES: (USE CONTINUATION SHEET IF NECESSARY)

N/A

IT IS THE FINDING OF THE DISCIPLINARY BOARD THAT ("X" APPLICABLE BOX)

☒ INMATE IS GUILTY AS CHARGED ☐ INMATE IS GUILTY OF THE FOLLOWING INFRACTION ☐ INMATE NOT GUILTY

BOARD FINDING BASED ON THE FOLLOWING INFORMATION: Report & Evidence Presented

BOARD ACTION: 20 Days P.S. / 20 Days L.O.G.T.

DISCIPLINE SEVERITY CODE: CLASS 1, HIGHEST ☐ CLASS 2, HIGH ☒ CLASS 3, MODERATE ☐ CLASS 4, LOW MODERATE ☐

| DATE OF ACTION: | CHAIRPERSON | CORRECTIONAL OFFICER | COUNSELOR |
|---|---|---|---|
| 11-30-04 | [signature] | [signature] | |

DO YOU WISH TO APPEAL: YES ☒ NO

WARDEN'S RESPONSE TO INMATE'S APPEAL: APPROVED ☐ DENIED ☐

DENIED, BUT SANCTION ALTERED:

WARDEN'S SIGNATURE: DATE:

A.C.I. Disciplinary Report ☐ ISC ☐ HS ☐ MAX ☒ MED ☐ MD2 ☐ MIN ☐ WKR ☐ RU ☐ HC ☐ DIX ☐ GM

**PART I DISCIPLINE REPORT** BOOKING # 8411 FILED (Date & Time): 11/29/04 1605

NAME OF INMATE/DATE OF BIRTH: NORMAND BEDFORD ID: 102381 DATE OF BIRTH: 11/1/63 QUARTERS ASSIGNMENT: ER 8T

PLACE OF INFRACTION: MEDIUM SECURITY DATE OF INFRACTION: 11/23/04 TIME: UNK JOB ASSIGNMENT:

INFRACTION/S: REFUSING LAWFUL ORDER / MAKING FRIVOLOUS REQUESTS CODE/S: 30 / 23C WAS INMATE FOREWARNED BEFORE DISCIPLINARY ACTION WAS TAKEN? IN PERSON YES ☒ NO

DESCRIPTION OF INFRACTION: ☐ Class 1, Highest ☒ Class 2, High ☒ Class 3, Moderate ☐ Class 4, Low

INMATE FILED 9 FRIVOLOUS GRIEVANCES IN 2004 (23% OF ALL FILED). INMATE WAS ORDERED BY MOORE ON 11/22/04 AND 11/23/04 NOT TO FILE GRIEVANCES FOR 6 MONTHS. INMATE WAS SHOWN WARDEN'S ORDER. INMATE INSISTED ON FILING GRIEVANCE DESPITE THESE ORDERS. INMATE WANT TOLD MORAN TO SIGN THE 9 GRIEVANCE. INMATE WAS BOOKED ON 4/6/04 FOR SAME - KPS 15 DAYS

INMATE'S ATTITUDE AT TIME OF INFRACTION: DEFIANT INSTITUTIONAL PERSONNEL WHO WITNESSED THE INFRACTION:

SIGNATURE OF REPORTING EMPLOYEE: [signature] NAME AND TITLE (PRINTED): Lt. Farnain

**PART II INVESTIGATION BY SUPERIOR** SUBSTANCE ABUSE OFFENSE # (circle) 1 2 3 subsequent

DISCIPLINE REPORT READ AND COPY DELIVERED TO ABOVE INMATE BY: Lt. J. JANKOWSKI DATE INMATE INFORMED: 11-29-04 TIME: @ 3:25 pm

INMATES STATEMENT AND ATTITUDE AT THE TIME OF INVESTIGATION: States grievance ... Moran told him that he would have to file one anyway.

INVESTIGATOR'S COMMENTS AND CONCLUSIONS: UNABLE TO RESOLVE ... TAKEN to SEQ BASED ON 2 BOOKINGS IN 24 hrs

INMATE REQUESTED WITNESSES Y ☐ N ☒ WAIVE 24 HR. NOTICE Y ☐ N ☒ REPRESENTATIVE Y ☒ N ☐

INMATE'S PLEA: NOT GUILTY ATTITUDE:

INMATE'S STATUS WHILE AWAITING HEARING: AFITSB SIGNATURE: [signature] TITLE: Lt

**PART III DISPOSITION BY DISCIPLINARY BOARD** DATE: 11-30-04

INMATE'S PLEA TO CHARGE: NOT GUILTY WAIVE 24 HR. NOTICE Y ☒ N ☐

INMATE REQUESTED WITNESSES Y ☐ N ☒ REPRESENTATIVE Morrissey

INMATES COMMENTS TO BOARD REGARDING INFRACTION (USE CONTINUATION SHEET IF NECESSARY)

States he was not informed the ...

TESTIMONY OF WITNESS/ES: (USE CONTINUATION SHEET IF NECESSARY) N/A

IT IS THE FINDING OF THE DISCIPLINARY BOARD THAT ("X" APPLICABLE BOX) ☒ INMATE IS GUILTY AS CHARGED ☐ INMATE IS GUILTY OF THE FOLLOWING INFRACTION ☐ INMATE NOT GUILTY

BOARD FINDING BASED ON THE FOLLOWING INFORMATION: REPORT & EVIDENCE PRESENTED

BOARD ACTION: 25 DAYS P.S. / 25 DAYS ... RECOMMENDED DOWNGRADE

DISCIPLINE SEVERITY CODE: CLASS 1, HIGHEST ☐ CLASS 2, HIGH ☒ CLASS 3, MODERATE ☐ CLASS 4, LOW MODERATE ☐

DATE OF ACTION: 11-30-04 CHAIRPERSON: [signature] CORRECTIONAL OFFICER: [signature] COUNSELOR

DO YOU WISH TO APPEAL: YES ☒ NO ☐

WARDEN'S RESPONSE TO INMATE'S APPEAL: APPROVED DENIED

DENIED, BUT SANCTION ALTERED:

WARDEN'S SIGNATURE: DATE:

# EXHIBIT "B"

# MOTION FOR EXECUTIVE ORDER

Warden Walter Whitman
40 Howard Avenue,
Cranston, RI 02920

December 1, 2004

Re: Norman Bedford/
Appeal of Bookings/
Disciplinary decisions.

APPEAL

Now comes Appellant Norman Bedford, in the above entitled matter and hereby, Appeals the Discipline Board decision on November 30, 2004, finding Appellant guilty of two (2) bookings for allegedly refusing lawful order, and allegedly, making fraudulent requests.

Appellant appeals on three (3) grounds: 1) The entire booking; 2) The sentence; 3) Technical grounds.

Background:

Appellant filed numerous grievances throughout the year of 2004, all of which he firmly believes have merit.

continued on p. 2

Appellant asserts that he has always had difficulty in getting his grievances signed and filed.

Appellant submits his appeal herein, on the following grounds:

1. Entire booking:

Appellant appeals the entire booking because the allegations and assertions in the bookings as a whole, are false statements. Appellant submits that he was never verbally, nor in writing, informed he was removed from the grievance process, until after he filed his grievance on Thanksgiving Day, November 25, 2004. Appellant did not get the notice in the mail until November 27, 2004 on Saturday.

Moreover, booking report #8211, states the date of infraction as 11/23/04. Appellant asserts that, that Grievance was actually an Appeal, of a denial at Level-1, therefore, since that process had already been engaged, it should be legal, based on due process of law.

Continued on p. 3

Appellant in reality, only filed one (1) grievance on Thanksgiving DAY, November 25, 2004, and one (1) Appeal on Thanksgiving DAY, November 25, 2004, that of booking # 8210, which is valid, based on alleged violations of Federal law, 15 U.S.C.S §§1452, §1453 relating to violations of the Federal Trade Commission Act Section 5(a), §§ 45(a), § 45(b).

Furthermore, when Lt. Flynn, the grievance Coordinator, realized Appellant was not formally given notice in the mail, of his being removed from the grievance process for six (6) months. he called Appellant to his office on Thanksgiving DAY, November 25, 2004, received Appellant's grievance and appeal, before apprising him of the notice, or his being booked for filings that day.

Appellant asserts that the two bookings are virtually the same and pertain to filings on Thanksgiving DAY, NOV. 25, 2004, because those dates reflect Appellant's last filed grievance and his appeal involving denial of an "indigent store order."

Continued on p. 4

2. Appeal of Sentence:

Appellant hereby, appeals his sentence for both bookings, one (1) of twenty (20) days segregation, twenty (20) days loss of good time, and twenty-five (25) days segregation, twenty five (25) days loss of good time.

Appellant avers that the sentence is unjust, based on the facts, and stringent, based on the code category of 3C, which is less than punitive segregation. Appellant further contends that he should not be punished for asserting his rights and expressing his concerns in a legal fashion. Therefore, the sentences should be vacated and/or rescinded, respectfully.

3. Appeal on Technical grounds:

Appellant hereby, appeals on Technical grounds, whereby, pursuant to Palmigiano v. Baxter, 487 F.2d 1280-84, "Inmates of the ACI have the right to be able to challenge what appear to be arbitrary assertions of power by Correctional officials during the course

continued on P. 5

of their confinement.

Wherefore, Appellant was merely asserting his Constitutional rights, and should not be punished for such.

Appellant contends that Lt. Jankowski misinterpeted what he stated regarding the filings on Thanksgiving Day. What was said, was "I" may "or" may not" have filed my grievance and appeal on the day in question," however, at least I would have been given such an opportunity. had I knew about the "Nov. 22, 2004 "Notice of Removal" but I wasn't provided proper notice.

Appellant further submits that he suffered minor personal injury and unnecessary pain and suffering by Officer Craig, when he used unreasonable and excessive force, by squeezing the handcuffs to tight on Appellants left wrist, whereby, "nurse Debbie" witnessed "redness and minor swelling" 3-hrs after the incident, "as did Officer Billy Langlois did on arrival."

Continued on p. 6.

When Appellant Bedford scolded Officer Craig for the abuse, he responded with something to the effect, "I didnt mean it," and "Im not used to using them handcuffs often."

Thus, for the foregoing reasons Appellant Normand Bedford requests that the disciplinary Board's decision of 45 days segregation, 45 days loss of good time be rescinded, and rescind the recommended downgrade.

Respectfully submitted
Normand Bedford
Seg #22 B

U.S. FEDERAL DIST. COURT FEB. 21, 2005
1 Exchange Terrace,
Providence RI 02903 C.A. No______

Id. No. 7297 3807

Re: STATE OF R.I. v. NORMAND BEDFORD
Filing of Petition for Writ of Habeas Corpus, with Exhibits A-I; Accompanying Affidavit; and Associated Motion for Order to Show Cause..
[See enclosed Inventor List]

Dear Ms. Farrell-Pletcher: Page 1 of 2

Please file the enclosed Petition for Writ of Habeas Corpus, with Exhibits A-I, pursuant to 28 U.S.C. Sec. 2254, with Accompanying Affidavit and Motion for Order to Show Cause, relative to repeated allegations of [malicious prosecution and abuse of process] in violation of Federal Law, 42 U.S.C. Sections 1983 and Sec. 7:56, as well as allegations of "concealment of evidence" and "obstruction of administration of justice" in violation of Federal Law, 18 U.S.C. Sections 1503 and Sec. 1702.

Additionally, Petitioner files herewith, his Motion to Proceed in Forma Pauperis with Affidavit of Indigency and Accounting info. for the past six (6) months. A Check for five (5) dollars is forthcoming to cover filing fee, pursuant to 28 USC. 2254.

# Certification

I do declare under the penalty of perjury that I, caused a true copy of the within February 2005, cover-letter to be mailed, Postage Prepaid, this 21st day of February 2005, to: R.I. Attorney Generals Office, Mr. Aaron L. Weisman Esquire, 150 South Main Street, Providence RI. 02903. Original copy with enclosures also sent to U.S. District Court 1 Exchange Terrace, Providence R.I 02903.

Dated: 2-21-05

Normand Bedford
Normand Bedford
P.O. Box 8274
Cranston, RI
02920

Id No: 7297 3807

# INVENTORY TO EXIBITS A-I OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC 2254 DATED: 2-21-05

Exh. "A" September 23, 2004 Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus without Exhibits. Note: Never recorded U.S. Dist. C.A. No. 04-271L

Exh. "B" Certified receipts to "concealed and obscure" Motion to Enlarge Time of July 14, 2004 with Exhibits A-D; Received by "Agent" C. Brule on 8/27/04 Article No. 7099 3400 0009 7297 3630; Certified receipt to Supplemental Memorandum with Exhibits A-Z; 1-4; and Supplemental Exhibit with Accompanying Affidavit of Distress Infinite and Attached Claim of Lien, received by "Agent" C. Brule on 9/30/04, Article No. 7004 0750 0002 5736 4026.

Exh. "C" October 14, 2004 Report and Recommendation to dismiss Petition for Habeas Corpus.

Exh. "D" R.I. Supreme Court Docket History Sheet.

Exh. "E" Objection by State to Petitioner's Affidavit and Claim of Lien.

Page 2 of 2

# Continuation Of Inventory to Exhibits A-I Of Petition for Writ of Habeas Corpus dated 2-21-05

Exh. "F" R.I. Supreme Court Motion and Memorandum to Stay Appeal without Exhibits, dated 6/14/04

Exh. "G" RI Supreme Court 1/21/2004(5) Order of denial of Motion to Stay Appeal.

Exh. "H" States Supplemental Response to Petitioner's Motion to Adjudge State in Contempt dated, 12/13/04

Exh. "I" RI Supreme Court Motion to Enlarge Time with Exhibits A-D, which was and is, obscure and concealed evidence in the form of, Petitioner's June 3, 2004, Motion to Enlarge Time; and July 14, 2004 Motion to Enlarge Time; and R.I Supreme Court, Petitioner's Motion to Hold Docketing of Appeal in Abeyance; Note: Only the July 14, 2004 was "recorded in the docket as <u>Letter with Exhibits</u> on 8/2/04," See Docket History Sheet as Exhibit "D" herein.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v.

STATE OF RHODE ISLAND

C.A. No. ________

Page 1 of 4

## AFFIDAVIT

I, Affiant/Petitioner, Normand Bedford, hereby, depose and say:

That the declarations, allegations and assertions made and submitted within the attached Petition for Writ of Habeas Corpus Pursuant to 28 USC. Section 2254, are true, correct, and complete, not misleading, the truth the whole truth and nothing but the truth, so help me God, made under the Penalty of Perjury. The above declarations, allegations and assertions involve alleged violations of Federal Law, 42 USC Sections 1983 and Sec. 7:56 described as [malicious Prosecution and abuse of Process]; as well as 18 USC Section 1503 defined as "Concealment of evidence" and "Obstruction of administration of justice." See Exhibit "I" with Exhibits A-D, of Petition for Writ of Habeas Corpus.

The aforementioned declarations, allegations and assertions, submitted within the attached Petition for Writ of Habeas Corpus, which consists of sixteen (16) pages of memoranda with associated exhibits A-H, therein, also include and involve "mail tampering," and alleged violations of "Financial Institutions Reform, Recovery and Enforcement Act" of 1989, in alleged violation of Federal Law, [18 U.S.C.A. Sections 1883a]; and Section 9:51; and also, R.I. General Laws, Sections 11-41-9; 11-41-11.1; and 11-41-12. Petitioner further asserts that factual claims of "harrassment, unlawful segregation and disciplinary confinement and witness intimidation," have been declared and submitted in former Petition for Writ of Habeas Corpus in C.A. No. 04-271L, involving the R.I. Department of Corrections officials. Reference can be made in C.A. No. 04-271L of "Certificate of Appealability" with several notorized Affidavits with original seal, filed in the U.S. District Court on 12/2/04.

Wherefore, Petitioner seeks relief in both his Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. Sec. 2254, and in the attached Motion for Order to Show Cause why his illegal and

void judgment of 1998 conviction and sentence should not be dismissed for the reasons stated herein, and therein.

Wherefore, Affiant, Normand L. Bedford, hereby, declares that the purported declarations, allegations and assertions made herein, are true, correct and complete, made under the penalty of perjury, not misleading, the truth, the whole truth, and nothing but the truth so help me God.

Respectfully submitted
Normand Bedford
Normand L. Bedford
P.O. Box 8274
Cranston, RI 02920

Subscribed and sworn before me in Cranston, R.I. the County of Providence in the State of Rhode Island and Providence Plantations this 4 day of February 2005.

Date: 2/4 2005.

[signature]
Clerk/Notary Public exp 5/30/05

# Certification

I hereby certify that a true copy of the within Affidavit associated with attached Petition for Writ of Habeas Corpus, Pursuant to 28 USC. Sec. 2254, was mailed, Postage Prepaid, this 21st day of February 2005, to: R.I Attorney Generals Office, Mr. Aaron L. Weisman Esquire, 150 South Main Street, Providence RI 02903. Original copy sent to U.S. Federal District Court, One Exchange Terrace, Providence RI 02903

Dated: 2-21-05

Normand Bedford
Normand Bedford
P.O. Box 8274
Cranston, RI 02920

CA 05 095 L

EXHIBIT "A"

PETITION FOR WRIT OF HABEAS CORPUS

*******

U.S. Federal Ditrict Court
Attn: Ms. Paula Farrell
One Exchange Terrace
Providence, R.I.
02903.

September 23, 2004

Re: State v. Normand Bedford
Filing of Supplemental
Memorandum in Support of
Petition for Writ of Habeas
Corpus.

C.A.No.04-271L

Dear Ms. Farrell,

Please file the enclosed Petitioner's Supplemental Memorandum in Support of his pending Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254. Petitioner also, informs this Honorable Court, that the enclosed is, one of two, Supplemental Memorandum's that is being filed in this matter. If the Court has not received Petitioner's second memorandum, regarding the above, it is forthcoming.

Petitioner submits that he is having difficulty in filing his legal material with the Court, due in part to the Department of Corrections Staff, tampering, delaying and holding his mail, and infiltrating his Department of Corrections inmate account, taking $41.00 dollars from $50.00 on one occassion, and taking $56.00 from $80.00 deposit on another, for indebtedness to the Department of Corrections for legal copies and legal postage fees. Petitioner asserts that this involuntary taking of most of his funds, allegedly fit a pattern of collusion with the State to deny him due process of law, and malicious prosecution and abuse of process, in violation of 42 U.S.C. §1983; and §7:56.

Petitioner further asserts that this infiltrating and involuntary taking of, more than fifty percent of his money, is only one factor in allegations of mail tampering and delay tactics by Corrections Officials involving his illegal and void

judgment of 1998 conviction and sentence, which, he brings to this Honorable Court's attention for a third time. The memorandum enclosed herein, has exhibits A-F, herewith.

Petitioner's second memorandum is forthcoming. Please send Petitioner a copy of his Docket History Sheet for the case of No.04-271L. Thank you.

Sincerely

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8274
Cranston, R.I.
02920-0274

Cc: file

## Certification

I, the undersigned hereby certify, that I, caused a true copy of the within Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus to: Rhode Island Attorney General's Office, Mr. Aaron L. Weisman Esquire, 150 South Main Street, Providence, R.I. 02903, this 23rd day of September 2004, by regular U.S. mail postage prepaid. Copy to the United States Federal District Court, One Exchange Terrace, Providence, R.I. 02903, sent by priority mail Id.#73121.

Normand Bedford

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND BEDFORD | * | |
| | * | |
| v. | * | C.A.No.04-271L |
| | * | |
| A.T. WALL, Director, | * | |
| Rhode Island Department of Corrections, et al. | * | |

PETITIONER'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

On July 2, 2004, Petitioner, Normand L. Bedford, ("Bedford") filed with this Court a "Petition for Injunctive Relief" pursuant to 42 U.S.C. §1983, seeking to be released from custody on parole. On or about July 30, 2004, this Court issued an Order asserting that Petitioner's Petition would be construed as a "petition for writ of habeas corpus brought pursuant to to 28 U.S.C. §2254." Petitioner submits the instant memorandum in support of his pending writ of habeas corpus. The issues to be addressed are as follows: denial of counsel for closing arguments at trial; compelled to wear prison garb in the presence of the jury at trial; denial of counsel for first motion for new trial and sentencing on July 10, 1998; continual withholding of evidence prior to trial, and thereafter; illegal inducement of witnesses prior to trial; unnecessary and excessive delay in first appeal.

Issue I:

Petitioner contends that was deprived of effective assistance of counsel, when deprived of 'closing arguments,' in his trial of May 19-22, 1998, without a knowing, intelligent or effective waiver. This occurred when the trial justice (Clifton J.) assigned trial attorney, as co-counsel, after an irremedial breakdown between Petitioner and his attorney. Shortly after co-counsel agreed to make 'closing arguments,' for the defense, he abrubtly, left his seat and went and sat in the rear of the Courtroom, abandoning ("Bedford") without any explanation given to the Court, for the record, thus, violating ("Bedford's") Sixth Amendment Right to the effective assistance of counsel at all critical stages of proceedings, enunciated in State v. Chabot, 682 A.2d 1377 (R.I.1996); Briscoe v. State, 606 A.2d 103 (1992); Johnson v. Zerbst, 304 U.S. 458 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); U.S. v. Mateo, 950 F.2d 44 (1st Cir.1991). See enclosed (Partial transcripts of May 19-22, 1998, pages 245-281, as Exhibit "A" herein.)

Issue II:

Petitioner argues that he was compelled to wear identifiable prison garb at his trial on May 19-22, 1998, in the presence

of the jury, when he was prohibited to receive a readily available suit from his father. The cause of ("Bedford") not having presentable attire for the start of his trial was due to an assault incurred at the prison the night before. The reason ("Bedford") was barred from receiving his suit in Court, was due to an alleged security problem, and the denial of the Department of Corrections to secure the same, though numerous unsuccessful attempts were made. The record reflects a lengthy discussion on the subject matter, essentially constituting his objection to compelling circumstances to wear prison garb in the presence of the jury in violation of ("Bedford's") constitutional rights enunciated in the cases of Felts v. Estelle, 875 F.2d 785 (9th Cir. 1989); Tarpley v. Dugger, 841 F.2d 359 (11 Cir. 1988); Bently v. Crist, 469 F.2d 854 (9th Cir.1972). See enclosed (partial transcripts of May 19-22, 1998, pages 65-72 as Exhibit "B" herein.)

Issue III.

Petitioner asserts that his due process rights were violated pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, when he was compelled to represent himself at his first motion for new trial and sentencing hearings on July 10, 1998, without a knowing, intelligent or effective waiver, and in light of the fact

that the Court had granted ("Bedford's") pro se motion for counsel on June 9, 1998, for the purpose of representing him in the July 10, 1998 critical proceedings. ("Bedford") further asserts that the Superior Court errored in not granting his final request for newly appointed counsel on July 10, 1998, when appointed counsel Neil Steingold refused to enter his appearance, despite his appointment by the Court on June 9, 1998, thus violating ("Bedford's") Sixth Amendment Right to counsel ellaborated in State v. Chabot, 682 A.2d 1377 (R.I. 1996); Briscoe v. State, 606 A.2d 103 (1992); Johnson v. Zerbst, 304 U.S. 458 S.Ct. 1019, 82 L.Ed 1461 (1938); U.S. v. Mateo, 950 F.2d 44 (1st Cir. 1991). See enclosed (partial transcripts of July 10, 1998, certified as May 19-22, 1998, pages 332-362; and pages 396-397) as Exhibit "C".

Issue IV:

Petitioner submits the issue involving the withholding of impeachment evidence, and the illegal inducement of two key witnesses prior to trial, collectively. On April 9, 1998, one month prior to Petitioner's criminal trial, an award recommended for payment was made in the sum of sixty six hundred and ten dollars and fifty five cents ($6,610.55) agreed upon with two key witnesses and the Crime Victim

Indemnity Compensation Fund, for sworn testimony that the Petitioner committed the crime alleged in the information, ultimately, leading to the wrongful and illegal conviction of the Petitioner, in violation of Federal Law, Title 18 of the United States Code, §201 (c)(2). Petitioner avers that the withholding of evidence noted above, was deliberate, as evinced by the State's two (2) "motions to quash," herein, as Exhibit "D", as well as the enclosed "motion to enlarge time," herein, as Exhibit "F", dated July 14, 2004, addressed to Rhode Island Supreme Court Chief Justice Frank Williams, with it's attached exhibits A-D, received by certified mail receipt, restricted delivery, "express mail." The second subpoena that was sought and granted on November 25, 2002, presented on December 10, 2002, relevant and essential to Petitioner's motion for new trial based on newly discovered evidence, heard and erroneously, denied on December 10, 2002. Now necessary for direct appeal, this same evidence, related to the "illegal inducement" claim, continues to be deliberately, withheld, in the form of "thirteen (13) pages of exhibits," related to, and part of the December 10, 2002 motion for new trial based on newly discovered evidence. These exhibits have been requested "countless times" through appointed attorneys, and the R.I. Supreme Court Clerk's Office, since the filing of such, on January 2, 2003. This pertinent evidence has been unlawfully, withheld violating Petitioner's due process, rendering all State Appellate Process unavailable.

Petitioner submits herein, the State's two 'motions to quash subpoena's, dated December 14, 1999, and November 25, 2002, as Exhibit "D", in support of the withholding argument. Petitioner also, submits herein, as **Exhibit "E"**, two documents from the (Crime Victim Compensation Fund) (1) April 15, 1998 Voucher, (2) December 22, 1998 Agreement of Award in the sum of ($6,610.55), in support of his illegal inducement claim, enunciated in Lerner v. Moran, 542, A.2d 1089 (R.I. 1988); U.S. v. Meinster, 619 F.2d 1041, 1045 (4th Cir. 1980); United States v. Keough, 391 F.2d 138 (2d Cir, 1968); Ouimette, 115 R.I. at 177, 342 A.2d at 254. See also, U.S. v. Russell, 411 US 423 (1973).

Petitioner asserts that he was foreclosed from moving the Superior Court to supress the two key witnesses testimony on the grounds that it had been purchased in violation of the law. The United States Supreme Court in **Russell** addressed a similar issue, involving the "purchasing of testimony." In **Russell**, the Supreme Court held, that, "supression," is the absolute and established remedy for the official misconduct, into which the government's violation of the Statute 18 USC, §201 (c)(2) falls. As a result of testimony which, had been "implicitly purchased," by the government

in that case, the Supreme Court, "invoked it's authority under the Rules of Evidence, to reject the testimony or evidence, which is so inherently unreliable that it's admission would create a danger of unfair prejudice or mislead a jury in their assessment of the witnesses veracity." The Russell Court concluded in saying that, "testimony purchased" through leniency or other inducements, is inherently unreliable and would only serve to taint and obscure the entire Judicial Process. U.S. v. Russell, supra, 411 US at 426.

Issue V:

Finally, Petitioner submits the contention that the State is soley responsible for his unreasonable and excessively, delayed first appeal of his otherwise illegal and void judgment of his May 1998 conviction and sentence, in violation of due process of law, enunciated in Harris v. Champion, 15 F.3d 1538 (10th Cir. 1990); Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990); Odsen v. Moore, 445 F.2d 806 (1st Cir. 1971); Coe v. Thurman, 922 F.2d at 533.

Petitioner' claims barring him from his first appeal, constitutes a denial of all state corrective process. The reasons for the blatant denial, involves malicious prosecution

and abuse of process, pursuant to 42 U.S.C.A. §1983; §7:56. Petitioner asserts that the State continues to withhold evidence and exhibits essential to his first appeal. The State has ignored numerous requests by the Petitioner to produce and provide him with transcripts 'ordered by the Rhode Island Supreme Court on June 4, 2004,' directly related to his 1998 "illegal and void judgment of convction and sentence." Petitioner submits his July 14, 2004, motion to enlarge time with it's attached memorandum in support thereof, with exhibits A-D, filed with the Rhode Island Supreme Court Chief Justice Frank Williams, by certified mail receipt, restricted delivery, express delivery, #s 7099 3400 0009 7297 4019; 7099 3400 0008 9917 9726. Despite the above being forwarded on 7-24-2004 & 7-25-2004, through Department of Corrections mailing system, per "express mail," the same was not recieved by Chief Justice Williams until 8-2-2004. See enclosed July 14, 2004 motion to enlarge time, as Exhibit "F".

Petitioner asserts that the evidence submitted clearly demonstrates, that he has exhausted all available remedies in the State Court, and has further demonstrated a complete denial of all state corrective process in that forum, warranting

relief by this Court, by the granting of Petitioner's instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.A. §2254.

Therefore, for all the aforementioned reasons, it is hereby prayed that the Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.A. §2254, be granted. Petitioner further requests that this Honorable United States Federal District Court, issue an Order for the release of Petitioner, from the custody and control of the Department of Corrections, Director Ashbel T. Wall II, 40 Howard Avenue, Cranston, Rhode Island 02903.

Respectfully submitted

Normand L. Bedford

Normand L. Bedford (Pro se)
PO Box 8274
Cranston, RI 02920-0274

Certification

I, the undersigned hereby certify, that I, caused a true copy of the within Supplemental Memorandum in Support of Petitioner's Petition for Writ of Habeas Corpus to: Rhode Island Attorney General's Office, Aaron L. Weisman Esquire, 150 South Main Street, Providence, RI 02903 this 30th day of August 2004; Copy to U.S. Federal District Court sent certified mail No. 7099 3400 0008 9917 9696.

Normand L. Bedford

<u>Inventory to Exhibits A-F, for Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus August 12, 2004 C.A.No.04-271L</u>

| | |
|---|---|
| P.2---Exhibit "A" | Petitioner's May 19-22, 1998, Partial transcripts, pages [illegible]45-281. |
| P.3---Exhibit "B" | Petitioner's May 19-22, 1998, Partial transcripts, pages 65-72. |
| P.4---Exhibit "C" | Petitioner's July 10, 1998, Partial transcripts, pages 332-362; 396-397, certified as May 19-22, 1998. |
| P.5,6 Exhibit "D" | State's two (2) Motions to Quash dated December 14, 1999; November 25, 2002. |
| P.6---Exhibit "E" | Two (2) Crime Victim Compensations Documents, (1) Voucher dated April 15, 1998; (2) Award letter, dated December 22, 1998. |
| P.5,8 Exhibit "F" | Petitioner's Motion to Enlarge Time, filed with the Rhode Island Supreme Court Chief Justice Frank Williams, via certified mail receipt, restricted delivery, express mail. Motion cover letter dated July 14, 2004. |

*****************************************************************

August 30, 2004
Normand L. Bedford

EXHIBIT "B"

PETITION FOR WRIT OF HABEAS CORPUS

*******

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Federal District Ct.
Attn: Chief Justice Ernest C. Torres, One Exchange Terrace, Providence, R.I. 02903.

[Legal Mail] Confidential

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X C. Brule ☒ Agent ☐ Addressee

B. Received by (Printed Name) C. Brule

C. Date of Delivery 9/30/04

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number
(Transfer from service label) 7004 0750 0002 5736 4026

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

Second Supplemental Memorandum in support of Petition for Writ of Habeas Corpus consisting of 72 Pages with exhibits A-Z; 1-4, and Supplental exh, with Affidavit and Attached Claim of Lien.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Thomas Edwards ID# 95582 CR-12B

7004 0750 0002 5736 4026

| | |
|---|---|
| Postage | $ ✓ |
| Certified Fee | ✓ |
| Return Reciept Fee (Endorsement Required) | ✓ |
| Restricted Delivery Fee (Endorsement Required) | ✓ |
| Total Postage & Fees | $10.35 |

Postmark Here
9-26-04

Sent To U.S. Federal District Ct. Chief Justice Torres
Street, Apt. No.; or PO Box No. One Exchange Terrace
City, State, ZIP+4 Providence, R.I 02903

PS Form 3800, June 2002 See Reverse for Instructions

R.I SUPREME Ct.
MOTION TO ENLARGE
TIME TO FILE MEMO
WITH EXHIBITS A-D
DATED: July 14, 2004

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Federal District Court
Chief Justice Ernest Torres
One Exchange Terrace
Providence, RI 02903

Restricted Delivery

2. Article Number (Transfer from service label) 7099 3400 0009 7297 3630

PS Form 3811, August 2001 Domestic Return Receipt 102595-02

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) C.Dirule C. Date of Delivery 8/27

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

Agent authorized to get restricted mail

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

# Adult Correctional Institutions
## Inmate Account Transfer

ID # 95582 DATE 8/20/04

NAME Edwards (LAST) Tom (FIRST) C (MIDDLE)

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. ☒ POSTAGE AMOUNT

1. LETTER / LETTERS ______
2. CARD / CARDS ______
3. CERTIFIED MAIL ______
4. OTHER ______

TOTAL $ 6.03

IV ☐ WORK RELEASE

RENT FOR WEEK AMOUNT
OF ___ TO ___ $ ______
EXPENSE PAYMENT FOR WEEK
OF ___ TO ___ $ ______
TOTAL $ ______

II. ☐ DRAW CHECK / CASH FOR $ ______

NAME ______
ADDRESS ______
CITY OR TOWN ______
RELATIONSHIP ______

V. ☐ PAYMENT OF FINE

TO ______ COURT
FOR AMOUNT $ ______

PERSON ON VISITING LIST ☐ YES ☒ NO VERIFIED [signature] ASSOCIATE DIRECTOR

REASONS FOR TRANSFERRIG MONIES [illegible]

7099 3400 0009 7297 3630

☒ APPROVED ☐ DENIED [signature] ASSOCIATE DIRECTOR DATE

III. ☐ CLOSING OF INMATE ACCOUNT ☐ OTHER $ ______

I HAVE RECEIVED THE FOLLOWING AMOUNT
$ ______ FROM THE ADULT CORRECTIONAL INSTITUTIONS BUSINESS OFFICE.

Edwards T. C.
INMATES SIGNATURE

RECEIVED ABOVE PAYMENT

EXHIBIT "C"

PETITION FOR WRIT OF HABEAS CORPUS

*******

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NORMAND L. BEDFORD**

v. C.A. No. 04 - 271 L

**A.T. WALL**, Director, Rhode Island
Department of Corrections

**Report and Recommendation**

Jacob Hagopian, United States Magistrate Judge

On July 2, 2004, Normand L. Bedford, *pro se*, filed with the Court a "Petition for Injunctive Relief," allegedly pursuant to 42 U.S.C. § 1983, seeking to be released from state custody. In support of this application, Bedford filed with the Court a copy of a motion for "Reconsideration of Parole" that he filed with the state parole board and a copy of an "Omnibus Motion to Stay Appeal, Remand File to Providence Superior Court, and Issue Order to Appoint Appellant Counsel to Correct Illegal Sentence" that he filed with the Rhode Island Supreme Court. The Court has reviewed all of Bedford's submissions.

Since Bedford seeks to be released from custody by way of his instant application, this Court will construe this matter as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] The Attorney General of the State of Rhode Island has moved to dismiss the petition. Bedford has supplied an objection. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the Attorney General's motion to dismiss be granted.

---

[1] A Section 1983 action can not be used to challenge the very fact of, or duration of, incarceration. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Mr. Bedford's sole federal remedy for release from state custody is a petition for a writ of habeas corpus.

## Background

On or about May 22, 1998, a state superior court jury convicted the petitioner, Normand Bedford, of two counts of child molestation. The state court sentenced Bedford to serve twenty years incarcerated and twenty years of probation. Bedford filed a notice of appeal with the state supreme court. But, due in part to a number of motions filed by Bedford *pro se*, the appeal has yet to be heard. Indeed, Bedford has filed numerous *pro se* motions in the state courts resulting in delays and/or confusion in this matter. Moreover, the record supplied by Bedford demonstrates that he has had no fewer than ten attorneys, most of whom were either fired by Bedford or were forced to withdraw due to disciplinary complaints filed against them by Bedford.

Nonetheless, the state supreme court issued a deadline for briefs to be filed in his direct appeal by June 30, 2004. Bedford, however, failed to timely file his brief for his appeal with the state supreme court. Instead, Bedford filed the instant application in this tribunal, seeking release from state custody. The Attorney General has moved to dismiss the instant petition for lack of exhaustion. In response to the Attorney General's motion to dismiss, Bedford filed a "Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus" along with an extensive array of exhibits. The Court shall construe this material as an objection to the Attorney General's motion to dismiss.

## Discussion

Before this Court may grant federal habeas relief, a habeas petitioner must exhaust his remedies available in state court. In other words, Bedford must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. This is known as the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241(1886), now

codified at 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion doctrine by fairly presenting his claims to the highest state court with jurisdiction to consider them. Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992); Picard v. Connor, 404 U.S. 270, 276 (1971). This means that Bedford must have presented the substance of his federal constitutional claim to the state appellate court so that the state court had the first chance to correct the claimed constitutional error. See Lanigan v. Maloney, 853 F.2d 40 (1st Cir. 1988). Only if the same factual and legal theory that forms the basis of the petitioner's habeas petition has been presented to the state court will the petition for writ be properly before the federal court. Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994); Nadonworthy v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question presented.

In the instant application, Bedford bases his habeas petition on a myriad of grounds. Although he has ongoing proceedings in the state courts in which he can present these claims (his appeal and any motions for post conviction relief that he may choose to file pursuant R.I. Gen. Laws §10 - 9. 1.1 et seq. ), he has failed to do so. Petitioner has not adequately presented any of his claims to the state courts for determination since he has not given the state courts "one full opportunity to resolve any constitutional issues" through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, Bedford's claims are unexhausted.

Bedford, however, attempts to side-step the exhaustion requirement by asserting that he has suffered an "unnecessary and excessive delay" in his direct appeal and that the state is "soley [sic] responsible" for this delay. See Petitioner's Supplemental Memorandum in Support of Petition for

Writ of Habeas Corpus at 7. Petitioner claims that this constitutes a "denial of all state corrective process" warranting relief from this Court. Id.

Pursuant to 28 U.S.C. § 2254(b)(1), a petitioner may bypass the exhaustion requirement if:

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

See 28 U.S.C. § 2254(b)(1). Exhaustion will be required unless "there is no opportunity to obtain redress in the state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). "Futility" may be established by demonstrating that relief has been diligently sought in the state courts but those efforts have been frustrated by an inordinate delay on the state's part. Whitman v. Vencluolo, 781 F. Supp. 95, 98 (D.R.I. 1991)(citing Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971).

While petitioner's appeal has been delayed, his assignment of responsibility as falling solely with the state is misplaced. In his submissions to this Court, Bedford blames two state prosecutors, a few superior court judges, his numerous lawyers, the court reporters assigned to his case, and the state supreme and superior court docketing clerks for the delay in securing a timely appeal. Bedford's accusations are baseless and ignore the chief culprit in the lengthy delay: himself. It is Bedford who filed motion after motion in the state court, delaying his appeal, and it is Bedford who either fired or filed disciplinary complaints against the ten or so attorneys assigned to his case.[2] And perhaps more importantly, it is Bedford that has missed the recent deadline to file briefs in the state supreme court for his appeal in this matter. Thus, there is no basis to conclude that the state is solely

---

[2] Bedford attempts to supervise his litigation by insisting that his attorneys argue motions in accord with briefs prepared for him "by a law clerk at the prison proficient in the law." See State v. Bedford, No. 99-209-C.A. (P1/97-1715A), R.I. Supreme Court Order of April 28, 2000, p. 2.

responsible for the delay.

More importantly, there is no absence of "available State corrective process." Indeed, all Bedford must do to take advantage of the state appellate process is to comply with the state supreme court's directive and supply a brief. The state supreme court is willing to address his appeal, and thus there is a likelihood that he will be afforded a hearing on the merits of his claims. This Court will not review the petitioner's state court conviction without the state courts having had a full opportunity to correct any constitutional violation which may have occurred. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Thus, there is no basis to permit Bedford to bypass the exhaustion requirement at this juncture. There is a process that is available to Bedford in the state courts to address his claims, yet Bedford fails to take advantage of it.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the Attorney General's motion to dismiss be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir 1980).

Jacob Hagopian
United States Magistrate Judge
October 14, 2004

EXHIBIT "D"

PETITION FOR WRIT OF HABEAS CORPUS

*******

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 08/13/2004
SUPREME COURT INFORMATION SYSTEM

DOCKET EVENT LISTING

TITLE: STATEOF RHODE ISLAND V NORMAN BEDFORD FILE NO: 20030030
APPEAL DATE: 12-23-2002 DOCKET NO.: 2003 30 DOCKET DATE: 01-16-2003
APP. TYPE: CRIMINAL APPEAL AGENCY: PROV SUP. COU
LOWER CRT NO.: P1-97-1715A ADD'L CASE NO.:

| | | | |
|---|---|---|---|
| BEDFORD, NORMAN | DEF | BEDFORD, NORMAND | PRI |
| STATE OF R.I. | PEL | Ryan, Stephen J | AGS |
| | | Weisman, Aaron L | AGS |

DATE ACTION OUTCOME DATE STAGE
01-16-2003 DEFEND. MOTION FOR BAIL BEFORE FIRST B
Goldberg, Maureen McKenna Hon
01-16-2003 PAPERS AND TRANSCRIPT FILED.
01-16-2003 LETTER WAIVER PRE BRIEF
01-29-2003 EXHIBITS FILED.
01-31-2003 OBJECTION TO MOTION FILED
02-10-2003 DEFENDANTS MOTION TO EXTEND. GRANTED 05-03-2003
RESPOND TO STATE
03-03-2003 LETTER FILED.
FROM CLERK TO DEF WHETHER OR NOT HE'S GOING TO
REPERSENT HIMSELF
03-10-2003 MOTION TO APPOINT COUNSEL
03-21-2003 TRANSCRIPT FILED.
COPY SENT TO DEFT.
03-28-2003 ORDER MOTION APPOINT COUNSEL GRANTED
ATT. DEVLIN
04-01-2003 LETTER FILED.
04-07-2003 MOTION FILED IS
PRO-SE MOTION FILED FOR SUMM. DISPO./ORDER FOR
TRANSCRIPT.
05-20-2003 LETTER FILED.
REQUEST FOR DOCKET SHEET MAILED TO DEF. PER
REQUEST.
07-08-2003 ORDER MOTION APPOINT COUNSEL GRANTED
RICHARD CORLEY ESQ. APPOINTED.
07-11-2003 TRANSCRIPT WITHDRAWN
08-18-2003 LETTER FILED
10-29-2003 LETTER FILED
11-21-2003 APPEARANCE FOR DEFENDANT
Corley, Richard K.
12-15-2003 LETTER FILED
01-27-2004 MOTION TO W/DRAW APPEARANCE
01-30-2004 TRANSCRIPT FILED.
02-02-2004 MOTION FOR RECONSIDERATION
02-02-2004 MEMORANDUM FILED
02-13-2004 NOTICE OF BRIEFS MAILED.
DEFT. DUE BY 3-26-04. COPIES OF TRANSCRIPTS SENT
TO MR. BEDFORD. W/ ORDER.
02-13-2004 ORDER MOTION TO RECONSIDER IS DENIED
02-13-2004 ORDER MOTION TO W/DRAW APPEAR. GRANTED
02-19-2004 TRANSCRIPT RETURNED
02-23-2004 LETTER FILED
03-01-2004 MOTION TO APPOINT COUNSEL
TO RECONSIDER.
03-02-2004 MOTION FOR COUNSEL FEE FILED.

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 08/13/2004
SUPREME COURT INFORMATION SYSTEM

DOCKET EVENT LISTING

TITLE: STATEOF RHODE ISLAND V NORMAN BEDFORD FILE NO: 20030030
APPEAL DATE: 12-23-2002 DOCKET NO.: 2003 30 DOCKET DATE: 01-16-2003
APP. TYPE: CRIMINAL APPEAL AGENCY: PROV SUP. COU
LOWER CRT NO.: P1-97-1715A ADD'L CASE NO.:

03-18-2004 ORDER MOTION TO RECONSIDER IS DENIED
DEFT IS TO PROCEED PRO-SE
03-18-2004 ORDER MOTION FOR COUNSEL FEE GRANTED
$ 1,555.00 TO RICHARD K. CORLEY ESQ.
03-22-2004 MOTION FOR RECONSIDERATION
OF APPOINTMENT OF COUNSEL.
03-23-2004 DEFENDANTS MOTION TO EXTEND.
04-20-2004 DEFENDANTS MOTION TO EXTEND. GRANTED 06-20-2004
04-20-2004 MAILED TO ATTORNEYS
06-14-2004 LETTER FILED
06-17-2004 LETTER FILED
DOCKET SHEET SENT.
06-24-2004 LETTER FILED
06-24-2004 DEFEND. MOTION TO STAY FILED.
Goldberg,Maureen McKenna Hon
06-24-2004 MEMORANDUM FILED
06-24-2004 MOTION TO APPOINT COUNSEL
06-29-2004 DEFENDANTS MOTION TO EXTEND. GRANTED 07-30-2004
06-29-2004 MAILED TO ATTORNEYS
07-08-2004 OBJECTION TO MOTION FILED
08-02-2004 LETTER FILED
W EXHIBITS

# EXHIBIT "E"

## PETITION FOR WRIT OF HABEAS CORPUS

*******

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND BEDFORD, Plaintiff | : | |
| vi. | : | C.A. 04-271IL |
| A.T. WALL, Director of Department Of Corrections, et al., Defendants | : | |

**STATE OF RHODE ISLAND'S OBJECTION TO PETITIONER'S "AFFIDAVIT OF DISTRESS INFINITE" AND "CLAIM OF LIEN"**

Now comes the Defendant in the above-captioned matter and, for the reasons expressed in the accompanying memorandum, objects to the Petitioner's "Affidavit of Distress Infinite" and "Claim of Lien".

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 6th day of October, 2004, I placed a copy of the within document in the U.S. mail, postage prepaid, to Normand Bedford, Pro-Se, P.O. Box 8274, Cranston, RI 02920-0274.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND BEDFORD, Plaintiff | : | |
| vii. | : | C.A. 04-271lL |
| A.T. WALL, Director of Department Of Corrections, et al., Defendants | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S "AFFIDAVIT OF DISTRESS INFINITE" AND "CLAIM OF LIEN"**

Currently pending before this Honorable Court for determination, is a habeas corpus (28 U.S.C. § 2254) action filed by Petitioner, to which the State has proffered a timely response seeking dismissal. Petitioner has recently filed, in connection with that action, an "affidavit of distress infinite", in which he demands a number of forms of relief ("issuance of order of this court vacating illegal and void judgment of 1998 conviction and sentence; and compensation for pain and suffering with distress infinite, in the sum of unliquidated amounts")("*Petitioner's/Affiant's Claim of Lien*" at page 3 of 4). Inasmuch, however, as the Defendant has already answered the above-captioned Habeas Corpus matter by filing an August 19, 2004, *Motion to Dismiss*, and any and all of the relief requested by Petitioner's instantly filed "*Affidavit of Distress Infinite*" would seem to be premised upon the claims made in his Habeas Corpus Petition, claims which have yet to be determined by this Honorable Court, the State would respectfully object to the Petitioner's "Affidavit of Distress Infinite" and "Claim of Lien".

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 6th day of October, 2004, I placed a copy of the within document in the U.S. mail, postage prepaid, to Normand Bedford, Pro-Se, P.O. Box 8274, Cranston, RI 02920-0274.

EXHIBIT "F"

PETITION FOR WRIT OF HABEAS CORPUS

*******

R.I. Supreme Court
Chief Justice Frank Williams
250 Benefit Street
Providence, R.I. 02903

June 14, 2004

#7099 3400 0008 9917 9740

[certified mail]

Re: State v. Normand L. Bedford-Docket No. 2003-30
Appellant's Motion to Stay Appeal, and Remand
Case and File back to Providence Superior, and
Issue Order appointing Appellant a Class-1 attorney.

Dear Honorable Chief Justice Williams:

Please file the enclosed motion to stay appeal, remand case and file, back to the Providence County Superior Court, issuing executive order, appointing Appellant a class-1, attorney for the representation of his motion to vacate unlawful, illegal and void judgment of his 1998 conviction and sentence.

Enclosed is Appellant's motion and memorandum in support thereof, with attached exhibits "A"-"R". There is also, a four page Inventory List of Exhibits, attached to the thirty (30) page memorandum.

Also, I have not received the thirteen (13) pages of exhibits from this Honorable Court, despite my numerous requests, to several of your clerks, as well as, at least two, former appointed attorneys. These exhibits are related to my December 10, 2002, motion for new trial, based on newly discovered evidence, relevant and essential to my future and first appeal to this Court, regarding the December 10, 2002, denial of the motion for new trial. I thank you for your time in these matters. I have exausted all efforts in attempting to obtain the evidentiary material. I have enlosed two of the letters to your Court Clerks, dated February 17, 2004, and March 3, 2004, both addressed to Mr. Brian Burns. I have also, enclosed the Providence Superior Court's filing letter, dated January 2, 2003, with it's attached transcript order approved by Justice Edward C. Clifton, on the same day of it's filing with this Court. Again, I thank you for your time.

Sincerely

Normand L. Bedford

Normand L. Bedford
P.O. Box 8274
Cranston, R.I.
02920-0274

## Certification

I, the undersigned hereby, certify, that I, caused a true copy of the within motion to stay appeal, remand case and file, back to the Providence County Superior Court, and issue order appointing Appellant a Class-1 attorney to represent Appellant on motion to vacate illegal, and void judgment of 1998 conviction and sentence, with attached exhibits, "A"-"R" to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, 150 South Main Street, Providence, R.I. 02903, this 14th day of June 2004, by regular U.S. mail postage prepaid. Copy to R.I. Supreme Court by certified mail receipt #7099 3400 0008 9917 9740, addressed to Chief Justice Frank Williams, restricted delivery.

Normand L. Bedford

RI Supreme Court
Mr. Brian Burns
250 Benefit Street
Providence, RI 02903

February 17, 2004

Re: Request for Exhibits to December 10', 2002 transcripts.
Normand Bedford-C.A. 2003-30; Prov. Sup. Ct. No. P1/97-1715A

Dear Mr. Burns:

Please send me a copy of my Exhibits to the December 10, 2002, Motion for New Trial Based on Newly Discovered Evidence Transcripts. I have repeatedly requested these Exhibits through this Court and through numerous appointed attorneys, however, all my requests have been ignored. I appreciate your time in this matter.

Please send me a copy of my Docket History Sheet as well. I have made two previous requests for a copy of the Docket History Sheet, however, the Court has not met this request either.

Sincerely

Normand Bedford

Normand Bedford
PO Box 8274
Cranston, RI 02920

nb/psc
Cc; file

March 3, 2004

Rhode Island Supreme Court
Attn: Mr. Brian Burns
250 Benefit Street
Providence, Rhode Island
02903

Re: Normand Bedford/Request for Exhibits of December 10, 2002 transcripts of Motion for New Trial Based on Newly Discovered Evidence. C.A. # 2003-30

Dear Mr. Burns:

I am in receipt of the Docket History Sheet in the above entitled appeal. Thank you for your compliance with my request. However, the Court failed to forward me a copy of my exhibits associated to the December 10, 2002 transcipts, filed with this Court on January 2, 2003. The transcripts and exhibits are necessary for appellate purpose. Please send me a copy of the above noted exhibits, which are thirteen documents in total.

Thank you for your time in this matter. My address is provided for your official use.

Sincerely

Normand Bedford
PO Box 8274
Cranston, RI 02920

nb/risc
Cc: file

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Superior Court
OFFICE OF THE COURT ADMINISTRATOR
Frank Licht Judicial Complex
250 Benefit Street, Room 506
Providence, RI 02903

January 2, 2003

Normand Bedford, Pro Se
P. O. Box 8274
Cranston, RI 02920

Case Name: State of Rhode Island
vs.
Normand Bedford

Case Number: P1/97-1715A

Dear Mr. Bedford:

You are hereby notified that the transcript you ordered in the above-captioned case has been filed in the Office of the Supreme Court Clerk.

This is the **completed** transcript prepared by **Edwina Butkins**, Court Reporter.

Very truly yours,

Joseph V. Conley /ck.

Joseph V. Conley
Deputy Superior Court Administrator

cc: Clerk of Superior Court

ck
2002 A1 Notification Letter without note 6.0.wps

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

STATE OF RHODE ISLAND

VS.

NORMAND BEDFORD

C.A. No. P1/97-1715A

## MOTION TO PROCEED IN FORMA PAUPERIS TRANSCRIPTS

The defendant, Normand Bedford, hereby moves this Court to waive the cost of the transcripts of the following hearings held on,

DECEMBER 10, 2002, MOTION FOR NEW TRIAL BASED ON Newly DISCOVERED EVIDENCE, PREVIOUSLY WITHHELD.

In the above entitled matter on the ground that the defendant is indigent and has no funds of which to pay the cost.

The defendant, Normand Bedford, submits and affidavit of indigency in support of this Motion.

12/16/02

Normand Bedford PRO-SE
Normand Bedford
P.O. Box 8274
Cranston, R.I. 02920

## ORDER

It is hereby ORDERED that the transcripts as described in the Motion herein be provided in the entitled matter at ~~State~~ expense ~~cost~~. Ele

Approved: [signature] 1/2/03
Justice

[signature] 12:50
Dep Clerk 1/2/03

Presented by: ____________________

Address: P.O. BOX 8274, Cranston, Rhode Island 02920

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | * | |
| | * | |
| v. | * | Docket No. 2003-30 |
| | * | |
| NORMAND BEDFORD | * | |

APPELLANT'S OMNIBUS MOTION TO STAY APPEAL, REMAND FILE TO PROVIDENCE SUPERIOR COURT, AND ISSUE ORDER TO APPOINT APPELLANT COUNSEL TO CORRECT ILLEGAL SENTENCE

Now comes Appellant, Normand Bedford, in the above entitled matter, and moves this Honorable Rhode Island Supreme Court, to 'Stay appeal and remand case and file, back to the Providence County Superior Court, to correct illegal and void judgment of sentence, executed on July 10, 1998,' when Appellant was denied counsel for his first motion for new trial and sentencing hearings, without a knowing, intelligent and effective waiver. See U.S. v. Mateo, 950 F.2d 44 (1st Cir. 1991); Johnson v. Zerbst 58 S.Ct. at 1023. Appellant also, moves this Court to issue order to the Providence Superior Court, appointing him a Class-1 attorney, to represent him on the vacation of his illegal judgment and sentence. Appellant submits, that "extraordinary circumstances" warrant the relief he seeks in the instant motion.

Therefore, Appellant hereby, prays, that this Honorable Rhode Island Supreme Court grant said omnibus motion to stay appeal, remand file to Providence Superior Court, and issue order out of this Court, to appoint the Appellant a Class-1 attorney to represent him on his 1998 illegal judgment and sentence.

Appellant submits, herein, the attached Memorandum in Support of the intant motion, with it's attached exhibits A-R.

Respectfully submitted

Normand L. Bedford

Normand L. Bedford (Pro se)
P.O. Box 8274
Cranston, R.I. 02920-0274

Certification

I, the undersigned hereby, certify, that I, caused a true copy of the within omnibus motion to stay appeal, remand file back to Providence Superior Court, and appoint Appellant a Class-1 attorney to represent him on the vacation of his 1998 illegal judgment and sentence to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, 150 South Main Street, Providence Rhode Island 02903, this 14th day of June 2004, by regular U.S. mail postage prepaid. Copy to Rhode Island Supreme Court, Chief Justice Frank Williams, 250 Benefit Street, Providence Rhode Island 02903, by certified mail receipt #7099 3400 0008 9917 9740, restricted delivery.

Normand L. Bedford

Normand L. Bedford (Pro se)
P.O. Box 8274
Cranston, R.I. 02920-0274

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | * | |
| | * | |
| v | * | Docket # 2003-30 |
| | * | |
| NORMAND BEDFORD | * | |

**APPELLANT'S MEMORANDUM IN SUPPORT OF OMNIBUS MOTION TO STAY APPEAL AND REMAND FILE TO SUPERIOR COURT**

On or about May 22, 1998, Appellant was found guilty of two counts of sexual assault rendering judgment in the Providence County Superior Court. Thereafter, Appellant's co-counsel Mark W. Dana filed a Motion for New Trial.

On or about June 9, 1998, Appellant was brought before the Providence County Superior Court, (Video Court), to be heard on a Motion for Determination of Attorney to represent his 'first' Motion for New Trial, and Sentencing Hearings. At such time, Appellant's motion for counsel was granted by the Court, appointing attorney Neil Steingold. See enclosed transcripts dated June 9, 1998, and June 16, 1998, Exhibit "C".

On or about July 10, 1998, Appellant was brought before the Trial Justice to be heard on his 'first' Motion for New Trial and Sentencing Hearings. At that time, appointed counsel

Neil Steingold requested a four month continuance to prepare for his representation of the matters that were before the Court. Attorney Steingold's reasons for a proposed continuance was that the Trial Transcripts had not yet been ordered, therefore, he could not effectively, represent the Appellant at that time. Notably, attorney Steingold refused to make a formal entry of appearance, and the Court forced Appellant into self-representation, without a knowing, intelligent and effective waiver, and without the Trial Transcripts that attorney Neil Steingold stated he needed to effectively, represent Appellant. See **U.S. v. Mateo**, **950 F.2d 44 (1st Cir. 1991).**

Appellant submits that his repeated motions for transcripts of the Determination of Attorney were unsucessfully, made until they were finally procured by former appointed counsel Richard K. Corley. Appellant even appealed to this Court for said transcripts of June 9, 1998, June 16, 1998, and June 25, 1998, in his filed Motion of Summary Disposition for Transcripts, filed on April 7, 2003. Notably, Appellant still "does not have" a complete transcript of that hearing, because former counsel Richard Corley erroneously, ordered a June 24, 1998, instead [1] of June 25, 1998 transcript. Appellant filed a Writ of Mandamus with this Court on this very issue, which is still pending.

[1] See Exhibit "L", Order of June 24, 1998 transcript.

whether or not, he was going to order the essential trial transcripts, creating confusion in the mind of the Appellant. At that juncture, Appellant declared that he was not going to order such. It appeared to Appellant that Justice Clifton was trying to manipulate the proceeding as if it was the Appellant's responsibility to order the trial transcipts, before attorney Steingold made an offical entry of appearance, an entry that was believed to be made according to the Video Court appearances on both June 16, 1998, and June 25, 1998, however, it is now clear, that those two transcripts have been unlawfully, altered to reflect the appointment and not a formal entry. Nevertheless, Justice Edward Clifton became extremely, hostile after Appellant stated that he was not going to order the trial transcripts, and subsequently, vehemently, declared that Appellant was his own attorney, and that no one was responsible for representing him, despite a purported mental disability and his being on a "mind altering drug," as attorney Steingold prejudicially, declared, as though he was a prosecutorial advocate, when he stated, "And this is a quote, your Honor." Id. at July 10, 1998 T.

Additionally, in light of Justice Edwin J. Gale's foreknowledge about the denial of counsel claim, and the events of July 10, 1998, "first Motion for New Trial and Sentencing hearings, which were declared in a Memorandum

for the Appointment of Counsel to represent Appellant's Post-Sentencing Motion for New Trial Based on Newly Discovered Evidence, the confusion of Justice Gale's denial order of June 13, 2002, throwing another denial of a Motion for New Trial in the mix, to confuse the record, which now exemplifies three Motions for New Trials, as well as Justice Gale's Order of August 7, 2002, Id. at p.2, paragraph 3, which states, "Should newly appointed counsel determine that it is still necessary that transcripts of Superior Court proceedings (those of June 9, 1998, June 16, 1998, and June 25, 1998) be prepared in advance of the hearing on the Motion for New Trial, that attorney shall apply for an order to that effect," all demonstrate a "cover-up". See Appellant's Memorandum referred to above, enclosed herein, as Exhibit "A", and Justice Gale's June 13, 2002 Order noted above as Exhibit "D".

Appellant submits, that further evidence of the above asserted "cover-up," would be Chief Appellate Attorney Assistant Attorney General Aaron L. Weisman's false declarations made to both this Rhode Island Supreme Court and the United States Federal District Court, namely "State's Memorandum in Opposition to Defendant's Petition for Writ of Certiorari," dated June 18, 1999, enclosed herein as Exhibit "E", and State's Memorandum

in Support of It's Motion to Dismiss Petitioner's Application for a Writ of Habeas Corpus, enclosed herein, as Exhibit "F", where, in both cases, a false declaration was made to the Court, erroneously, stating that Appellant's July 10, 1998 Motion for New Trial was argued 'pro se,' "due to his inability to retain any number of attorney's assigned to him." Appellant asserts that these declarations are a 'bold faced lie,' in light of the Superior Court's granting Appellant's June 9, 1998 Motion for Counsel, specifically, to represent his July 10, 1998 Motion for New Trial, and Sentencing Hearings. See enclosed Exhibit "C", transcripts granting that motion.

Appellant submits that the issue of his denial of counsel claim was brought to the attention of each and every one of his attorneys, therefore, it was incumbent upon them to redress both the issues and errors from the trial, as well as the first Motion for New Trial and Sentencing Phases. Appellant also asserted the aforementioned violations in numerous pleadings filed in the Providence County Superior Court, Rhode Island Supreme Court, United States Federal District Court, and the United States Court of Appeals in Boston, in extraordinary writs, bail motions, writ of certiorari, writ of mandamus, as well as certified letters to Court Clerks and Judges, however, there has been a smear campaign, continual and ongoing

withholdings of transcripts, and exculpatory and impeachment evidence crucial to matters in the jurisdiction of both the Providence County Superior Court, as well as the Appellate Court.

Appellant further asserts, that former appointed counsel Stephen T. Morrissey, who made an Entry of Appearance in the Providence County Superior Court on November 17, 1999, despite his prior appointment in the Rhode Island Supreme Court, which was clearly a conflict of interest, was formerly apprised of the July 10, 1998 denial of counsel at the Appellant's 'first' Motion for New Trial, and Sentencing Hearings. This was done through correspondence forwarded by certified mail receipt # Z-539 072 367, dated December 21, 1999, where Appellant stated in the first paragraph, that "Could you please let me know what it is that you have done regarding the new trial motion, the VCIF records, and 'whether you have considered raising any additional issues as errors occurring at my trial in the motion for new trial, in light of the fact that at my trial and last motion for new trial' I had no legal counsel."[2] Also attached to the above letter, was a brief prepared by an inmate law clerk at the Maximum Security Facility Appellant was housed at. In another letter, sent to attorney Stephen T.

[2] See Exhibit "N".

Morrissey, sent by certified mail receipt # Z-539-072-378, dated October 28, 1999, which also exemplifies, in the first paragraph, that "I was deprived of Due Process when Neil Steingold refused to enter on the date of the alleged hearing," alleged, because there is no apparent Docket Entry in the Providence County Superior Court Docket History Sheet. Appellant further avers, that both of the aforementioned letters to appointed counsel Morrissey, along with it's attached brief, were drafted and typed by an inmate law clerk at that time. Interestingly,[3] attorney Morrissey never considered Appellant's due process deprivations, and went on to later declare that, "I have completed review of the trial transcripts and it appears that the Motion for New Trial was in fact denied by Mr. Justice Clifton on July 10, 1998," thus failing to address the egregious wrongs, especially, in light of Appellant's trial attorney Mark W. Dana declining to make a "closing argument" at trial on behalf of Appellant, after agreeing to do so, and then totally, abandoning his client, (Appellant) leaving his seat at the main table, and sitting alone in the far rear of the Courtroom, in the presence of the jury no less, without any explanation whatsoever. Now the State also wrongly claims in there Memorandums, that Appellant made his own closing arguments, as well as represented

[3] See Exhibit "N".

himself at the July 10, 1998 Motion for New Trial and Sentencing Hearings, which is completely, false. Appellant's only words to the jury at trial, were, "I am being forced by my attorney to give closing arguments, which I'm not going to give because I'm not qualified, therefore, my fate is in your hands and in the hands of God." This plain declaration was said verbatim. Notably, Appellant filed a complaint against Judge Clifton, asserting bias, and prejudice remarks made to him at trial by Justice Clifton, stating in the Judicial Tenure and Discipline Complaint, that, "Your co-counsel is going to file a Motion for New Trial, but you Mr. Bedford are going to give the argument." This same assertion was noted in a letter to the United States Federal District Court addressed to Prosecutor Margaret Curran as early as the year 2000. See enclosed letter as Exhibit "G". However, the transcripts were edited to delete the declaration of "I'm being forced by my attorney." Unfortunately, this outrageous practice is all to frequent amongst a great population of alleged criminals, however, what many fail to acknowledge, is that this is a violation of a much greater principle than that of the laws of man, this is a violation of the Law of God, whereby, the "Ten Commandments," states, that "Thou shall not bear false witness against thy neighbor," This eternal law is unchanging, and a Maxim of Truth we should

all carefully, follow. Perhaps this is one of the reasons why many of our Courts hold the premise, that there is a seperation of church and state, because it violates the laws of ethics, honesty, and integrity for the sake of dishonest gain. This deception will not make anyone less accountable. For God has said, "I will destroy the wisdom of the wise, and bring to nothing the understanding of the prudent."Nevertheless, the truth is always a straight line. The record at Appellant's trial, does not reflect trial counsel Mark W. Dana's complete abandonment of his client, the (Appellant), nor did the trial Justice Edward C. Clifton sanction the attorney for his unethical conduct, which is called for by the Judicial Code of Ethics.

In any event, the successive attorney to represent the Appellant at an earlier stage of State Corrective Process, in the forum of the Providence County Superior Court was Stephen T. Morrissey, who eluded his obligations to his client, the (Appellant), and made an official withdrawal on February 18, 2000, but not before he apprised the Appellant of Justice Clifton's unlawful proposition to, "File a Memorandum without the Appellant's express authorization or approval." The Memorandum in question, was related to Appellant's Motion for

New Trial Based on Newly Discovered Evidence, previously, withheld by the State, involving a Crime Victim Indemnity Compensation Application and Payment to two key witnesses in the Appellant's criminal trial in May of 1998. Notably, the first Application was an "Interim Application," filed on the date of January 16, 1997, notably, the same date that a factual declaration was made to a Dr. Jenny expressly, noted in a Medical Report, that "The mother of the alleged victim, repeatedly, continues to ask, how am I going to live without Appellant's money?" These factual declarations and the Interim Application, collectively, came just two weeks after Appellant's arrest and detainment for two counts of alleged sexual assault on Appellant's ex-girlfriend's daughter. Additionally, there was a second Application for Supplemental Benefits made on or about April of 1998, and an eighteen month window, or waiting period, before two key witnesses struck a deal with the prosecution to testify against the Appellant at trial, which incidently, was illegally, induced only one month prior to Appellant's trial on the above noted criminal indictment. This reward or illegal inducement is way outside the parameters of a fair and impartial practice, and is also, considered a Violation of Federal Law, Title 18 of the United States Code, §201 (c)(2), defined in **Lerner v. Moran, 542 A.2d 1089 (R.I. 1988); see also, U.S. v. Russell, 411 US 423, (1973).**

Equally troubling, is the fact that, according to the Payment Agreement dated December 22, 1998, enclosed herein, as Exhibit "H", with associated documents from the Crime Victim Indemnity Compensation Program, where,'factual date of Appellant's criminal conviction' which according to the above noted document, wrongly, states, in the second paragraph, that, "In 1997, you were convicted," which, if true, would have came before the Payment Agreement on April 9, 1998, just below the above stated conviction of 1997, however, since this is false, because Appellant's conviction came on May 22, 1998, it gives further credence to the presumption, that two key prosecuting witnesses and the State colluded to prosecute the Appellant in exchange for, "something of value, to wit, money in the sum of ($6500.00) dollars, for fabricated testimony at Appellant's trial in May of 1998, thus defrauding the State in light of the absence of medical and psychological injury. In fact, a medical expert, had she been called at trial, would have testified, that 1.) Patient shows no signs of intrusive behaviour; 2.) Patient denies depression; and 3.) Patient no longer needs counseling after only three sessions. Therefore, since the only evidence that an alleged crime was committed, was the paid testimony of two witnesses, without the disclosure made manifest to Appellant, and in light of the numerous other

Constitutional Violations, Appellant unequivically, should have been exculpated and released long ago. Additionally, the Providence County Superior Court continues to hold the position, that it was not aware of the Crime Victim Indemnity Compensation Fund's Application and Payment and Award Agreement with the two key witnesses in Appellant's case. The Appellant argues, that both the Assistant Attorney General, Stephen Ryan, who prosecuted the case, as well as the Providence Superior Court Justice Edward C. Clifton who tried the matter, could not have been blinded by the VCIF Program Process, in light of numerous evidence to the contrary. In support of this assertion, Appellant submits, that the Superior Court Clerk's Office was provided with a extra-long form from the Program Advocate named "Kelly," who works out of the Attorney General's Office, an advocate, which, undoubtedly, made inquiries to the prosecution, regarding the status of the case. The Civil Claim evolving from allegations against the Appellant, hinges on the issue of culpability and liability. Therefore, the central focus of all those involved in the case was on the status, prosecution and the outcome of the case. See Exhibit "I", enclosed herein, as it relates to the above noted Notice of Application Process. The next factor one must consider, to revisit the issue regarding the 'factual date' of the

Appellant's conviction, which was May 22, 1998, and not "1997" as the Crime Victim Compensation Document, wrongly, demonstrates. See enclosed VCIF Document dated December 22, 1998, as Exhibit "H".

In further support of the State's alleged foreknowledge regarding the Application and Payment of the VCIF Program, as well as the requirement of a "Court Order and Certification" of the disbursement of monies, Appellant submits, that the purported Criminal Injuries Compensation Act' amendment did not effectuate until September 1, 1999, over one year after the State's two key witnesses agreed upon an inducement and reward for testimony at Appellant's criminal trial in May of 1998. Also, the repeal did not effect Sections 12-25-2 thru 12-25-8 until the time noted above, nor did it effect the requirement of the "Superior Court's Order and Certification" of that payment, inducement and reward. See enclosed Criminal Injuries Compensation Act as Exhibit "J". Appellant requested the Superior Court, as well as several of his attorneys, to provide him with a copy of the above noted order, however, the Court sent Appellant a deceiving response, specifically, that the case number 970035 was incorrect, when in fact, the case number 970035 is the correct number. See enclosed as Exhibit "H", Appellant's letter to Superior Court dated February 22, 2000.

On or about December 10, 2002, Appellant appeared in the Providence Superior Court and was heard on his Motion to Compel "Order and Certification" of Payment, related to a Crime Victim Compensation Application and Payment to two key witnesses in Appellant's criminal trial. At that time, Justice Edward C. Clifton blatantly, lied to Appellant, when he stated, regarding the VCIF Payment Order, that, "I can't give you that which doesn't exist." Id at p. 108, lines 2-25, of December 10, 2002, partial transcript enclosed herein, as Exhibit "K". Interestingly, a Providence Superior Court Clerk, also, lied to Appellant in a letter dated February 22, 2000, requesting a copy of that same "Order and Certification," see enclosed as Exhibit "H", which is a hand written letter by the Superior Court Clerk, stating, "This case number is incorrect + I cannot find a VCIF for either of these parties," however, Appellant asserts that the case number 970035 is the correct VCIF number and can be verified by VCIF Documents listed herein as Exhibit "H". Therefore, foul play is evident, and Appellant's Motion for New Trial Based on Newly Discovered Evidence that was heard and denied on the same date of December 10, 2002, was an unjust ruling. Additionally, Justice Edward Clifton claims that the repeal of the Criminal Injuries Compensation Act of 1996, no longer requires Superior Court involvement. Appellant asserts,

that the repeal did not effect Criminal Injuries Compensation Act' Section 12-25-2 thru 12-25-8, until September 1, 1999, sixteen months after Appellant's criminal trial in May of 1998, and eighteen months after the two key witnesses struck an implied deal with the State. Justice Clifton cites Criminal Injuries Compensation Act' Section 12-25-19, subsection (f),[4] which, states in part: "An award may be made under this section whether or not any person is prosecuted or convicted of any offense arising out of the act, or if the act is the subject of any other legal action." However, Justice Clifton failed to inject the second part of subsection (f), which states, that "Upon application from the attorney general, the office **'shall'** suspend proceedings under this chapter until the application is withdrawn or until a prosecution for an offense arising out of act is no longer pending or imminent." Nor does Justice Clifton cite Section 12-25-19, subsection (e), which also, states, that "No compensation may be awarded unless the office so directs upon a finding that: (1) The act did occur, and (2) The injury or death resulted from the act. Is this perhaps the reason a false declaration was filed regarding the factual date of the Appellant's conviction, making the factual date of conviction come before the Payment Agreement? You be the judge! Is this also why the witnesses Psychiatric Report was intentionally,

[4] See <u>Exhibit "K"</u>, T. at p. 96, lines 21-25.

concealed from the Crime Victim Compensation Program's File, and failed to disclose to the fund, in it's allotment for purported medical expenses, in violation of Criminal Injuries Compensation Section 12-25-23, subsection (c), which states, that "Any person who: (1) submits a false or fraudulent application; (2) intentionally makes or causes to be made any false statement or representation of a material fact in relation to any claim pending before the office; or (3) intentionally conceals or fails to disclose information affecting the amount or the initial or continued right to any award; shall be punished by a fine of not more than one thousand dollars ($1000) or imprisonment for not more than six (6) months, or both. Coincidently, Appellant's trial attorney Mark W. Dana did not subpoena the State's witness' Psychiatric Medical Doctor, (expert), who would have testified, that: (1) Patient shows no signs of intrusive behaviour; (2) Patient denies depression; and (3) Patient no longer needs counseling after only three sessions. Additionally, a Dr. Jenny did testify for the defense and testified that the patient and/or State's witness' medical exam was normal. Therefore, what evidence was provided to the Crime Victim Compensation Program to support the requirement of Section 12-25-19, subsection (e)? which states: (e) "No compensation may be awarded unless the office so directs upon a finding that: (1) The act did occur; and (2) The injury or death resulted from the act.

Furthermore, both the former and the [Repealed] Sections of the Criminal Injuries Compensation Act Provisions require that the 'Superior Court' issue an 'Order and Certification' approving a settlement before monies can be disbursed by the Department of Treasury. Also, in Section 12-25-6, subsection (c), provides that: "No compensation shall be awarded when the court <u>or the treasurer with the concurrence of the court</u> in its discretion feels unjust enrichment to or on behalf of the offender would result. There is no doubt in the Appellant's mind that the State Attorney General's Special Assistant Attorney General, Stephen Ryan, who prosecuted the Appellant, as well as the Providence Superior Court's Justice Edward Clifton, knew about the Application and Award to the two key witnesses in Appellant's trial, simply because an "Order and Certification" for the payment had to be issued by the 'Court'. All other factors submitted herein, further substantiate this claim. In further support of the aforementioned claims, Appellant submits, that an "Impact Statement" submitted by two of the key witnesses in Appellant's criminal trial, submitted those "Impact Statements" to the Crime Victim Indemnity Program on or about October 2, 1997, with a signature dated August 27, 1997. The VCIF Program stamped the receipt of the statements on or

about October 2, 1997. A copy of those "Impact Statements" were unequivically, provided to the State Prosecutor Stephen Ryan, prior to Appellant's trial in May of 1998. This assertion is supported by the fact, that on July 10, 1998, when Appellant was unlawfully, denied counsel for his first Motion for New Trial and Sentencing Hearings, the "Impact Statement" was read to the Court prior to sentencing. Therefore, if the State had possession of the "Impact Statements" at the July 10, 1998 hearings, then it is reasonable to assert that the State was in possession of those same statements two months earlier, when Appellant was brought to trial in May of 1998. Notably, the "Impact Statements" were stamped by the Crime Victim Compensation Fund dated October 2, 1997, as the date received, therefore, Prosecutor Stephen Ryan lied to the Court on July 10, 1998, when he stated to the Court, that "There is no newly discovered evidence since trial." This declaration was made immediately, prior to the reading of the "Impact Statements" for sentencing. Therefore, the withholding of that pertinent information from the defense was 'deliberate' and a violation of Appellant's rights to due process of law, notwithstanding the complete denial of counsel for those proceedings, without a knowing, intelligent and effective waiver. See Lerner v. Moran, 542 A.2d 1089 (R.I. 1988); see also, State v. Mateo, 950 F.2d 44 (1st Cir.).

Appellant further asserts, that he requested appointed attorney Stephen T. Morrissey to procure full discovery of the Crime Victim Indemnity Program File, which was incomplete after it was subpoenaed on December 8, 1999, despite the State's failed attempt to Quash the same. Ironically, it took the Appellant several years, after the filing of repeated motions for the 'remaining undisclosed impeachment evidence.' The Appellant's subpoena was again granted by the Superior Court, despite a second failed attempt by the State to Quash the same.[5] This factual assertion proves that the State is soley responsible for the extensive delay in Appellant's direct and first appeal of his otherwise unlawful 1998 conviction and sentence. Moreover, the State is still unlawfully, withholding the same evidence noted above, even after it was subpeonaed and granted by the Court on two seperate occassions. The reason for the withholding, is that this Court, as well as two former court-appointed attorneys refusal to forward the Appellant the thirteen pages of **exhibits** related and part of his December 10, 2002, transcripts of his Motion for New Trial Based on Newly Discovered Evidence, heard and erroneously, denied on the same. These essential **exhibits** have been requested on more than twelve seperate occassions, but have not been provided thus far.

5 See Exhibit "M", States two Motions to Quash.

Additionally, Appellant filed, at least three letters, addressed to Providence County Superior Court Chief Justice Joseph Rogers, dated April 23, 1999, May 10, 1999, with it's response letter dated May 13, 1999, and third letter dated August 21, 2002, sent certified mail receipt, #7099 3400 0008 5300 4903, enclosed herein, as Exhibit "O", asserting violations of due process of law, related to continual withholdings of transcripts of a June 9, 1998 determination of attorney proceedings, with the completion of those hearings on June 16, 1998, and June 25, 1998, directly relating to a denial of counsel claim, at Appellant's first motion for new trial and sentencing hearings on July 10, 1998. See enclosed letter of August 21, 2002, as Exhibit "O", Id. at paragraph 4, which, states in part: "I have filed the same motion for the transcripts of hearings, heard on June 16, 1998, and June 25, 1998, on four seperate occassions." Notably, the above noted transcripts were not produced and procurred, until appointed counsel Richard Corley, who apparantly, was assigned as damage control, ordered only part of those transcripts, and after the case was docketed. Despite clear references requesting a June 25, 1998 transcript through certified letters to attorney Corley, he deceptively, ordered a June 24, 1998, instead of the correct June 25, 1998 transcripts, see Exhibits "L", and Exhibit "C", herein. The last set of transcripts of June 25, 1998 are still withheld.

Appellant further asserts, that Providence County Superior Court Justice Edward Clifton, blatantly, lied to him on December 10, 2002, when he declared that the withheld transcripts regarding the denial of counsel at his first motion for new trial, and sentencing hearings, "were to be ordered," Id. at p. 107, of Exhibit "K". However, Appellant asserts, that had those transcripts been officially ordered as said, then it would have obviated the necessity of appointed counsel Richard Corley to reorder the same, through Justice Vincent Ragosta, despite Appellant informing attorney Corley, that Justice Clifton affirmed the order on December 10, 2002, see Exhibit "L", and Exhibit "K", enclosed herein.

Also, Appellant filed a letter with this Court dated April 3, 2003, with an attached motion for summary disposition of transcripts, regarding the long sought after, and withheld transcripts of the determination of attorney proceedings, which after counsel was granted on June 9, 1998, Justice Edward C. Clifton took justice into his own hands, and unlawfully deprived Appellant of any assistance of counsel for his first motion for new trial and sentencing hearings, notably, a threat that was delivered and carefully executed from the closing of the Appellant's criminal trial on May 22, 1998, when Appellant was

deprived of a critical process, such as "closing arguments". The State, however, has repeatedly, and erroneously, declared in several memorandums that Appellant both gave his own closing arguments, and represented himself, at his first motion for new trial and sentencing hearings, despite evidence to the contrary. Appellant refers to the above noted letter, regarding withheld transcripts, in the enclosed Exhibit "P", herein, dated April 3, 2003.

Moreover, Appellant filed a certified letter to appointed counsel Richard K. Corley, #7099 3400 0008 9917 9719, dated December 16, 2003, enclosed herein, as Exhibit "Q". In that letter, Appellant scolded the attorney for his deliberate failure to, "order all the transcripts requested".

All the aforementioned declarations by the Appellant, as well as the evidence submitted herein, demonstrate the outrageous and criminal conduct of several court-appointed attorneys, including numerous Administrative Officers,' of the State Court Judicial System, thus, violating the Appellant's Constitutional and Civil Rights, guaranteed by the Fifth, Sixth Eighth, and Fourteenth Amendments to the United States Constitution, enunciated in Delancy v. Caldwell, 741 F.2d 1246

in his August 7, 2002 Order, enclosed herein, as Exhibit "B", appointing the Appellant counsel to represent post trial motion for new trial based on newly discovered evidence "only". narrowing the scope of attorney Damon D'Ambrosio' representation to 'one issue,' thus circumventing the other more serious Constitutional Violations, which occurred both at Appellant's trial and 'first' motion for new trial and sentencing hearings, when the Providence Superior Court (Clifton J.) deprived the Appellant of counsel altogether for 'closing arguments' and first motion for new trial and sentencing. This contention is supported by the enclosed memorandum as Exhibit "A", herein, Id. at p. 4, paragraph two through five, (2-5), as earlier addressed herein on page three (3), of the memorandum, where Appellant apprised Justice Edwin J. Gale, the Constitutional Violations, regarding the 'void judgment,' and this immediately prior to his August 7, 2002 stipulated order. Justice Gale's actions were both cunning, criminal and unethical. Again, the court concluded in State v. McVeigh, 660 A.2d 269 (R.I. 1995), that, "The defendant's failure to seek a motion determination precluded the Supreme Court considering the defendant's challenge to the sentence.

Perhaps it has now been unveiled why numerous court-appointed attorneys, as well as numerous Providence Superior Court Judges, and their Administrative Clerks, have all played a part in the broad and ongoing conspiracy to cover-up prosecutorial misconduct, judicial bias, prejudice and the like, discriminating Appellant's well documented mental and emotional disabilities, and violating numerous Constitutional and Civil Rights to Due Process of Law. The continual withholdings of requested transcripts and evidentiary material relevant to the Appellant's causes, have caused irreparable mental and emotional distress infinite, and prejudice throughout the entire State Judicial System, as well as the Department of Corrections. In fact, even the Department of Corrections, Medium Security-1 Facility's Officials have been infiltrated by the corrupt minds of the above noted conspirators. These factual assertions are serious, based on the magnitude of the criminal conduct of a large body of State Officials within the Judicial System. This can also be substantiated by the extensive documented history of purported harrassment by Correctional Officials at every level, unlawful segregation, allegations of mail tampering and other abuses, such as physical assaults, thefts of personal property, and allegations of conspiracy to commit assault, which involved Corrections Staff. The Department of Corrections have

even gone as far as using psychological warfare, mental and emotional trauma, by depriving Appellant of his essential medications on several occasions, once resulting in the Apellant's being committed to the Intake Service Center's Psychological Observation Cell against his will. Notably, this occurred immediately, after Appellant's correspondence with the Rhode Island Disability Law Firm, alleging Civil Rights Violations. However, this isolated incident is only one of many that may have been the cause of something unrelated to the Appellant's factual allegations of conspiracy and corruption of high officials involved in his unlawful and wrongful (1998) conviction and sentence.

Appellant further asserts, that not only is his conviction and sentence illegal, unjust and void, but he was never granted bail, despite no prior record, nor was he afforded the right to a sentence reduction hearing, within the one hundred and twenty (120) day rule. This was due to appointed counsel Mark Smith's failure to file the essential motion, within the established rule. Was this because he knew he would have a duty to address the illegal sentence? Sounds about right! In fact, attorney Mark Smith did absolutely nothing for three months, except file a notice of appeal to this Court. Attorney Smith

never so much as, ordered the trial transcripts, instead left it up to his successor, attorney Susan Iannitelli to do so.

On or about July 25, 2002, Appellant filed, with this Court, a motion to hold docketing of appeal in abeyance. Appellant filed the motion by certified mail receipt, #7099 3400 0008 5304 5555. This Court, according to it's stamp of receipt, received the above motion on August 1, 2002, at 10:44 AM, See enclosed as Exhibit "R". Notably, on the first page of the motion to hold docketing of appeal in abeyance, Appellant stated, "Defendant is waiting to be heard on the merits of his memorandum and clarification of facts, in Superior Court." Id. at p.1, last sentence of motion. Incidently, this quote referencing a "memorandum and clarification of facts, in Superior Court," is the same memorandum enclosed herein, as Exhibit "A", where Appellant addressed his illegal sentence. Id. at p. 4, paragraph two through five, (2-5) immediately prior to Justice Edwin J. Gale's calculated decision of stipulating in his order of August 7, 2002, 'appointing the Appellant counsel for his motion for new trial based on newly discovered evidence "only".' This can be said, because the memorandum was addressed specifically, to Justice Edwin J. Gale.

Therefore, Appellant posits, that "extraordinary circumstances" are evident in his case, which warrants the relief he seeks in the instant omnibus motion to stay appeal, and remand file to the Providence Superior Court, appointing Appellant counsel to redress his illegal conviction and sentence, obtained in violation of the United States Constitution pursuant to the Fifth, Sixth and Fourteenth Amendments. See Johnson v. Zerbst, 58 S.Ct. at 1023; U.S. v. Mateo, 950 F.2d 44 (1st Cir. 1991).

Wherefore, Appellant hereby requests that an executive order issue out of this Honorable Rhode Island Supreme Court remanding Appellant's case and file back to the Providence County Superior Court to redress his illegal and 'void judgment' of conviction and sentence. Appellant further prays, that this Court would issue an order directing, instructing and commanding the Providence Superior Court to appoint him counsel (Class 1), to represent him on his motion to vacate illegal conviction and void judgment.

Respectfully submitted

Normand L. Bedford

Normand L. Bedford (Pro se)
P.O. Box 8274
Cranston R.I. 02920-0274

Certification

I, the undersigned hereby certify, that I, caused a true copy of the within Omnibus Motion to Stay Appeal and Remand File to Providence Superior Court to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, 150 South Main Street, Providence, Rhode Island 02903, this 14th day of June 2004, by regular U.S. mail postage prepaid. Copy to Rhode Island Supreme Court Chief Justice Frank Williams sent by certified mail receipt #7099 3400 0008 9917 9740, restricted delivery.

Normand L. Bedford

Normand L. Bedford (Pro se)
P.O. Box 8274
Cranston, R.I. 02920-0274

State of Rhode Island vs. Normand L. Bedford

Rhode Island Supreme Court Docket No. 2003-30

Inventory to Exhibits A-R

June 14, 2004

"A" Appellant's motion and memorandum, clarifying the facts, involving State's repeated misrepresentations, regarding the appointment of counsel in the Providence Superior Court, for post trial motions.

"B" Providence County Superior Court Justice Edwin J. Gale's Order of August 7, 2002, appointing Appellant counsel to represent Appellant on his motion for new trial based on newly discovered evidence "only".

"C" Appointed Counsel Richard K. Corley's February 6, 2004 letter to Appellant, with attached transcripts of June 9, 1998 and June 16, 1998, of determination of attorney proceedings in the Providence County Superior Court.

"D" Providence County Superior Court Justice Edwin J. Gale's Order of June 13, 2002, denying Appellant's motion for new trial based on newly discovered evidence, and denying motion for counsel.

"E" State's memorandum in opposition to Appellant's Petition for writ of certiorari, dated June 18, 1999.

"F" State's memorandum of motion to dismiss Appellant's application for writ of habeas corpus.

State of Rhode Island vs. Normand L. Bedford
Rhode Island Supreme Court Docket No. 2003-30
Page two of Inventory to Exhibits A-R
June 14, 2004

"G" Appellant's letter to former United States Federal District Court Prosecutor Margaret Curran, dated February 23, 2000, regarding complaint against Providence County Superior Court Justice Edward C. Clifton.

"H" Documents from the Crime Victim Compensation Fund, related to illegal inducement of witnesses in the Appellant's criminal trial of May 19, 1998, dated December 22, 1998; July 29, 1997; April 15, 1998; March 22, 2001; March 19, 1997; March 30, 1998; Providence Superior Court letters dated February 22, 2000; March 5, 2002 response letter; Providence Superior Court letter dated March 14, 2000, certified #Z-539 077 061, with return receipt dated March 24, 000, signed by Superior Court Clerk Bill Lopes; Providence Superior Court letter dated February 21, 2002; Providence Superior Court letter dated March 12, 2002. All Superior Court letters by Appellant requesting the 'Superior Court's' "Order and Certification of Crime Victim Compensation Payment, pursuant to Criminal Injuries Compensation Act of 1972 and 1996. Appellant was denied the above noted requested "Order and Certification" of payment Agreed upon on April 9, 1998, with Voucher issued on April 15, 1998.

State of Rhode Island vs. Normand L. Bedford
Rhode Island Supreme Court Docket No. 2003-30
Page three of Inventory to Exhibits A-R
June 14, 2004

"I" Notice of Application Process of Crime Victim Compensation Program, from Rhode Island Attorney General's Office, Advocacy Administrator.

"J" Criminal Injuries Compensation Act of 1996.

"K" Partial transcripts of December 10, 2002 motion for new trial based on newly discovered evidence hearing, in Providence County Superior Court, pages 95-110.

"L" Appointed counsel Richard K. Corley's letter to Appellant dated December 12, 2003, with Order for "wrong" transcripts of June 24, 1998.

"M" State's two motions to quash subpoena's, regarding Crime Victim Compensation Fund Application and Payment of monies to witnesses in Appellant's criminal trial on May 19, 1998.

"N" Appellant's letters to appointed counsel Stephen T. Morrissey dated October 28, 1999; and December 21, 1999, with October 26, 1999 letter from attorney Morrissey to the Appellant.

**State of Rhode Island vs. Normand L. Bedford**
**Rhode Island Supreme Court Docket No. 2003-30**
**Page four of Inventory to Exhibits A-R**
**June 14, 2004**

"O" Appellant's letters to Providence Superior Court, Chief Justice Joseph P. Rogers Jr., dated April 23, 1999; May 10, 1999, with it's response letter of May 13, 1999; August 21, 2002 letter certified mail **#7099 3400 0008 5300 4903**.

"P" Appellant's letter to Rhode Island Supreme Court, dated April 3, 2003, regarding motion for summary disposition of transcripts of June 9, 1998; June 16, 1998; and June 25, 1998, involving the determination of attorney proceedings in the Providence Superior Court.

"Q" Appellant's letter to attorney Richard K. Corley, dated December 16, 2003, sent certified mail #7099 3400 0008 9917 9719.

"R" Appellant's motion to hold docketing of appeal in abeyance, No. 99-209, Note: Case received new docket No. 2003-30, motion sent certied mail receipt, #7099 3400 0008 5304 5555, stamped by the R.I. Supreme Court, dated August 1, 2002, at 10:43 AM.

# EXHIBIT "G"

# PETITION FOR WRIT OF HABEAS CORPUS

*******

**Supreme Court**
No. 03-30-C.A.

State of Rhode Island :

v. :

Normand Bedford :

**ORDER**

The defendant's omnibus motion to stay this appeal, remand the papers to the Superior Court, and for appointment of counsel, as prayed, is denied.

Entered as an Order of this Court this ***21st*** day of ***January 2004.***

By Order,

Clerk

EXHIBIT "H"

PETITION FOR WRIT OF HABEAS CORPUS

*******

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| | : | |
| v. | : | 2004-055-M.P. |
| | : | |
| NORMAN BEDFORD | : | |

## STATE OF RHODE ISLAND'S SUPPLEMENTAL RESPONSE TO PETITIONER'S MOTION TO ADJUDGE IN CONTEMPT

The undersigned was this morning informed by the Rhode Island Superior Court Administrator's Office that there indeed exists a record of a June 25, 1998 proceeding involving the defendant in the above-captioned matter. That proceeding, it was just learned, was before, not (as previously believed) Mr. Justice Clifton but, Special Magistrate Keough, and a copy of a transcript of such proceeding, is presently being sent to Mr. Bedford.

Given the significant and continuous efforts made by the State since this Court's *Order* of June 4, 1998, the State would respectfully ask that Mr. Bedford's *Motion to Adjudge [the State] in Contempt* be denied.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 13th day of December, 2004, I placed a copy of the within document in the U.S. mail, postage prepaid, to Norman Bedford, Pro-Se, at his last known address of P.O. Box 8274, Cranston, RI 02920.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Superior Court
OFFICE OF COURT REPORTERS
250 Benefit Street
Providence, R.I. 02903

December 13, 2004

**BILL TO:**

Aaron Weisman
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903

**PAYABLE TO:**

Susan L. Inman
Providence Superior Court
250 Benefit Street - Rm. 506
Providence, R.I. 02903

**FOR TRANSCRIPT IN THE CASE OF:**

State vs. Norman Bedford
P1/97-1715
Determination of Attorney
The Honorable Special Magistrate Keough
June 25, 1998

4 Original Pages @ $3.00 per page . . . . . $ 12.00
__ Copy Pages @ $1.50 per page . . . . . . $

TOTAL AMOUNT DUE: **$ 12.00**

Susan L. Inman
Susan L. Inman
Court Reporter

APPROVED: ______

DATE: 12/13/04

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC SUPERIOR COURT

STATE OF RHODE ISLAND :
:
Vs. : P1/97-1715
:
NORMAN BEDFORD :

DETERMINATION OF ATTORNEY

HEARD BEFORE

THE HONONRABLE SPECIAL MAGISTRATE KEOUGH

JUNE 25, 1998

SUSAN L. INMAN
COURT REPORTER

EXHIBIT "I"

PETITION FOR WRIT OF HABEAS CORPUS

*******

R.I. Supreme Court
Chief Justice Frank Williams
250 Benefit Street
Providence, Rhode Island
02903

July 14, 2004

7004 0750 0002 5736 4033
[certified mail; restricted delivery]

Re: State v Normand Bedford-Docket No. 2003-30; Filing of Motion to Enlarge Time, with attached Memorandum in Support thereof, with exhibits A-D.

Dear Honorable Chief Justice Williams:

Please file the enclosed motion and memorandum with associated exhibits A-D, with the appropriate administrator. The reason that I the Appellant am filing the above, is that there is strong reason and evidence to believe, that Administrative Clerk, Mr. Michael Cafferty Jr., is a key "co-conspirator" in the travesty of justice, related to my criminal case, now in your Honorable Court, and an egregious violation of 42 U.S.C.A. §1983; §7:56 [Malicious prosecution and abuse of process; withholding evidence.]

Appellant has forwarded two letters to Mr. Michael Cafferty Jr., related to filing failures of instrumental motions, which have been provided in the enclosed motion and memorandums exhibits A-D. This Court has not provided this Appellant with his repeated requests for his **(thirteen pages of exhibits (13), related to his December 10, 2002, motion for new trial based on newly discovered evidence, the same evidence that was withheld prior to trial, and still being deliberately withheld, over five (5) years later.)**

Inquiry was also made to your Honor, regarding these same withheld **13 pages of exhibits,** on or about October 3, 2003, via certified mail receipt, notably, the same day your Clerk Mr. Ronald Tutalo sent Appellant a confusing and erroneous response. I have enclosed Mr. Tutalo's October 3, 2003 letter with the Prov. Sup. Ct. approval Order, which was sent to Mr. Tutalo on several different occassions, however, does everyone feel the need to be part of the ongoing conspiracy? The evidence speaks for itself, Sir. I hate to be the bearer of bad news, concerning members of Administration, but my liberty is, and has been at stake here.

Sincerely Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | * | |
| | * | |
| | * | |
| v | * | Docket No. 2003-30 |
| | * | |
| NORMAND BEDFORD | * | |

**APPELLANT'S MOTION TO ENLARGE TIME**

Now comes Appellant, Normand Bedford, in the above entitled matter, and moves this Honorable Rhode Island Supreme Court, to enlarge time to file a pre-brief in Appellant's first appeal to this Court, from his nineteen ninety eight (1998) unlawful and void judgment of conviction and sentence. Appellant submits that this Court's Orders of February 13, 2004; April 20, 2004; and June 29, 2004, directing and ordering him to file a pre-brief in his appeal, were all premature, for several reasons. Appellant submits the attached Memorandum in Support of this Motion, herein. Wherefore, Appellant respectfully, requests that the instant Motion to Enlarge Time be granted. Appellant further prays that the time to file a pre-brief in his appeal, be enlarged by a full ninety (90) days, from receipt of this motion.

Respectfull submitted

Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

STATE OF RHODE ISLAND *
*
*
v. * Docket No. 2003-30
*
*
NORMAND BEDFORD

**APPELLANT'S MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE TIME**

On or about February 13, 2004, Appellant was ordered by this Honorable Court, to file a pre-briefing statement in his first appeal, from his illegal, unjust and void judgment of a nineteen ninety eight (1998) conviction and sentence. However, the docketing of that appeal was made erroneously, in light of numerous facts, including the Appellant's filing of a Motion to Hold Docketing in Abeyance, via certified mail receipt, No. 7099 3400 0008 5304 5555, received and stamped by this Court on August 1, 2002, at 10:44 AM. Notably, the Docket History Events Listing does not list this filing.

Secondly, there are, and have been numerous issues unresolved precluding Appellant from filing a pre-briefing statement in his appeal, all of which, involve continual withholding of evidentiary material relevant for such appeal.

Appellant submits several issues, that have precluded him from obtaining State Corrective Process, regarding his claims that his nineteen ninety eight (1998) conviction and sentence are illegal, unjust and void on it's face. Appellant asserts:

1. That he has not been provided by this Court, his repeated requests for thirteen (13) pages of exhibits, related to his December 10, 2002 Motion for New Trial Based on Newly Discovered Evidence, heard and denied on the same, therefore, relevant and essential to his first appeal.

2. That the State continues to withhold a June 25, 1998 transcript, related to a June 9, 1998 Determination of Attorney Proceeding, to represent Appellant on his first Motion for New Trial and Sentencing Hearings, which is where a major conspiracy involving high officials, begins to unfold. Despite this Court's June 4, 2004 Order, directing the State to procure, and provide the Appellant, a copy of said transcripts, the State is still withholding such.

3. That on or about June 14, 2004, Appellant filed a Motion and Memorandum with exhibits A-R, via certified mail receipt, restricted delivery, No.7099 3400 0008 9917 9740. The Motion requested this Court to Stay Appeal, Remand Case and File back to the Providence Superior Court. Appellant therewith, further requested that this Court issue an Order to the Superior Court, appointing him a Class-1 attorney to represent him on a Motion to Vacate Illegal and Void Judgment. Appellant is still waiting resolution of the above noted Motion, which also, provided this Court with a copy of his Motion to Hold Docketing of Appeal in Abeyance, stamped and received by this Court on August 1, 2002 at 10:44 AM. Therefore it is inconceivable why Appellant keeps receiving order after order, by Rhode Island Supreme Court Clerk Mr. Michael Cafferty Jr., especially, in light of Appellant's prior filing of a Motion to Enlarge Time, forwarded by certified mail receipt on June 3, 2004, No.7099 3400 0008 9917 9757, yet notably, there is no apparant Docket History Listing of this motion,[1] which, requested a ninety (90) day enlargement, therefore, it is strange why Appellant received another Order on June 29, 2004, signed by Mr. Michael Cafferty Jr., less than one month, after Appellant's June 3, 2004 filing, ordering him

[1] See Exhitit "A"

to file a pre-briefing statement for his first appeal of his nineteen ninety eight (1998) unlawful, and void judgment of conviction and sentence, on or before July 30, 2004.

Appellant asserts that in light of his letter to this Court, dated June 14, 2004, addressed to Mr. Michael Cafferty Jr., enclosed herein, as Exhibit "B", inquiring why his Docket History Sheet does not reflect his filing of his motion to hold docketing of appeal in abeyance, which motion, is attached to the June 14, 2004 letter as Exhibit "B", herein. Notably, Exhibit "A", enclosed herein, complains of the same filing failure, addressed in the cover-letter, dated June 21, 2004, with it's attached motion to enlarge time, dated June 3, 2004, just three weeks prior to Mr. Michael Cafferty's forwarding a third Order of the Court, to file a pre-brief on Appellant's first appeal: Despite the State's repeated withholdings of evidence; the failure of this Court to produce and provide this Appellant with his December 10, 2002, "thirteen pages of exhibits" despite countless requests to this Court, via certified mailings, to forward his exhibits, relevant and essential to his cause.

It is the Appellant's contention, that his rights to due process are deliberately being violated, in light of the State's stone-walling efforts in further depriving all State Corrective

Process, in light of the numerous factors raised by Appellant in his prior two motions to enlarge time to file a pre-brief on appeal, and his pending motion to stay appeal, remand case and file back to the Providence Superior Court, appointing him counsel to represent his illegal, and void judgement of (1998) conviction and sentence, as well as the State's deliberate withholding of a complete transcript, pursuant to this Court's June 4, 2004 Order, directing the State to procure, and provide the Appellant with his June 25, 1998 transcript relating to his infirm, illegal and void judgment of conviction and sentence. Relative to such, the State now suggests in it's July 8, 2004 letter to Appellant, enclosed herein, as Exhibit "C", that, "We have so far been unable to additionally locate a June 25, 1998, transcript of a hearing in State of Rhode Island v Norman Bedford, No. P1/97-1715A." This contention is contradictory to Appellant's prior filing of evidence to the contrary. Once again, Appellant submits herein, enclosed as Exhibit "D", a partial transcript of July 10, 1998, sentencing hearing, Id. at p. 333, where appointed counsel Neil Steingold affirms to the Court, that "I received a referral in the mail. I believe it was continued because I was in another Court to June 25th, and that's when there was a meeting in your Chambers on the third floor, and 'Mr. Bedford was on the video arraignment that day,'" and "He wasn't brought into Court, and it was continued

to today, and I told the Court that I would go and meet Mr. Bedford in the meantime, which I did on Wednesday of this week." Id. at July 10, 1998 transcript p. 333 lines 17-24. The Providence Superior Court's Docket History Sheet also reflects that Appellant was not on habeas on June 25, 1998, because he was in video arraignment. Perhaps this is where the State is confused. Additionally, Appellant's Department of Corrections "Rap Sheet" dated November 05, 1999, also reflects that he made a Court appearance on June 9, 1998; June 16, 1998; and June 25, 1998. Appellant's own records affirm that he made three appearances in "video court" regarding the determination of attorney, which was granted until the State, attorney Mark W. Dana, attorney Neil Steingold and the Court colluded in depriving him of any counsel whatsoever for Appellant's first motion for new trial and sentencing hearings, in clear violation of due process of law. See enlclosed D.O.C. Rap Sheet as Exhibit "E".

It seems clear that the State did not want the Appellant to have any information related to the Crime Victim Compensation Fund's Application and Award of sixty five hundred ($6500.00) dollars, payed to two key witnesses in the Appellant's trial by jury in May of 1998, since the State themselves, filed

a Motion to Quash Subpoena, when it was first requested by the Appellant's attorney in December of 1999, nor did the State want the Appellant to have the "remaining undisclosed evidence," after the Appellant's discovery that the first production of the evidence was incomplete, because the State then filed a second Motion to Quash Appellant's Subpoena, for the same evidence. Since Appellant's repeated requests, both to two former appointed attorneys, and numerous ignored requests, from this Court, it seems evident, that the State does not want to provide this same evidence to Appellant, regarding the illegal inducement of the two key witnesses, just one month prior to giving testimony in Appellant's trial, in violation of Federal Law, Title 18, Section 201 (C)(2). Thus continuing to violate, and frustrate Appellant's due process rights.

Furthermore, Appellant's former appointed counsel, Richard K. Corley, as well as the State, continue to make false declarations, regarding the June 25, 1998 requested transcript, involving the Providence Superior Court's conspiracy to deny and deprive the Appellant of counsel, to represent his first motion for new trial and sentencing hearings, on July 10, 1998, which, further deprives him of his State Corrective Process, pursuant to Constitutional guaranteed rights. The State's recent Objection to Petitioner/Appellant's Motion to Stay

Appeal, filed with this Court on July 8, 2004, and it's letter to the Appellant dated the same, enclosed herein, as **Exhibit "C"**, demonstrate negligence and complete a complete disregard for the Appellant's Constitutional Rights to life, liberty and property, and equal protection of the law.

Therefore, Appellant respectfully, requests that the instant Motion to Enlarge Time, to file a pre-brief on his first appeal by granted. Appellant further prays that the time be enlarged by a full ninety (90) days, from the receipt of this motion and memorandum with attached exhibits A-D.

Respectfully submitted

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8274
Cranston, RI 02920

Certification

I, the undersigned hereby, certify that I, caused a true copy of the within motion and memorandum, with the attached exhibits, A-D, to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, Providence Rhode Island 02903, this 19th day of July 2004, by regular U.S. mail postage prepaid. Copy sent to the Rhode Island Supreme Court by certified mail receipt, restricted delivery, to Chief Justice Frank Williams, No. 7004 0750 0002 5736 4033

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8274
Cranston, RI 02920

**INVENTORY LIST OF EXHIBITS TO APPELLANT'S MOTION TO ENLARGE TIME COVER LETTER DATED JULY 14, 2004 SENT CERTIFIED MAIL TO CHIEF JUSTICE FRANK WILLIAMS [RESTRICTED DELIVERY]**

EXHIBIT "A" — Appellant's Motion to Enlarge Time, dated June 3, 2004, sent certified mail receipt, No. 7099 3400 0008 9917 9757, received June 11, 2004. Cover letter dated June 21, 2004.

EXHIBIT "B" — Appellant's Motion to Hold Docketing Of Appeal In Abeyance, with cover letter dated July 25, 2002, with additional cover letter addressed to Mr. Michael Cafferty Jr., dated June 14, 2004

EXHIBIT "C" — Letter to Appellant, from Assistant Attorney General, Chief Appellate Unit, Mr. Aaron L. Weisman Esquire, dated July 8, 2004.

EXHIBIT "D" — Partial transcript of July 10, 1998, hearing of Appellant's first (1st) Motion for New Trial and Sentencing proceedings, pages 332; 333; 396; 397.

*******************************************************************

# EXHIBIT "A"

Rhode Island Supreme Court
Mr. Michael Cafferty Jr.
250 Benefit Street
Providence, RI 02903

June 21, 2004

Re: State v. Normand Bedford
Appellant's inquiry, regarding
June 3, 2004, filing of Motion
to Enlarge Time.

Docket No. 2003-30

Dear Mr. Cafferty Jr.,

I am writing to inquire, why the Docket Event Listing, the Court recently forwarded me, dated June 17, 2004, enclosed herein, 'does not,' have the filing of my Motion to Enlarge Time, to file a brief in the above referenced appeal. The Motion to Enlarge Time, was received by this Court on June 4, 2004, Article #7099 3400 0008 9917 9757. I have provided the certified mail receipt herein, for your reference. Could you please look into this matter, and send me a prompt response. This is the second letter regarding this type of filing problem, that I have sent to this Court. Thank you for your anticipated "cooperation."

Sincerely

Normand Bedford

Normand Bedford
P.O. Box 8274
Cranston, RI
02920-0274

NB/RISC
Cc; file

R.I. Supreme Court
Office of the Clerk
250 Benefit Street
Providence, R.I.
02903

June 3, 2004

Re: State v. Normand Bedford
Motion to Enlarge Time

C.A. No. 2003-30

Dear Clerk:

Please file the enclosed motion to enlarge time. Also, please forward me a copy of the thirteen pages of exhibits associated to my December 10, 2002 motion for new trial based on newly discovered evidence. I have requested the exhibits on numerous occassions, and have not received them thus far.

Please also, send me a copy of the Court's ruling on my pending Writ of Mandamus. Please forward me a copy of my Docket History Sheet for my files. Thank you for your time in these matters.

Sincerely

Normand Bedford
P.O. Box 8274
Cranston, R.I.
02920-0274

[Certified Mail]
#7099 3400 0008 9917 9757

nb/r.i.s.c.
Cc; file

June 3, 2004

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

STATE OF RHODE ISLAND *
*
*
*
v * C.A. No. 2003-30
*
*
*
NORMAND BEDFORD

**MOTION TO ENLARGE TIME**

Now come Appellant, Normand Bedford, in the above entitled matter and moves this Honorable Rhode Island Supreme Court to enlarge time, to file a brief in Appellant's first appeal, pursuant to this Court's Order of April 20, 2004. Appellant submits the following grounds in support of the instant motion:

1. Appellant has a pending Writ of Mandamus, filed with this Court on February 6, 2004, by certified mail #7099 3400 0008 9918 2184, related to withheld transcripts of a determination of attorney proceeding, heard in the Providence County Superior Court, directly related to Appellant's first appeal. Appellant asserts, that without a full transcript of the above proceeding his appeal on a denial of counsel claim cannot be effectively, prosecuted. Appellant's pending Writ of Mandamus ellaborates more fully on this issue. An Order on the merits thereof, has not issued thus far.

2. Appellant further submits that he has not received his **thirteen (13) pages of exhibits**, from this Court, related to his December 10, 2002 motion for new trial based on newly discovered evidence, despite numerous requests to, at least two of his former appointed attorneys, and this Court. The said exhibits with it's transcripts were filed with this Court on January 2, 2003, however, Appellant was handed the December 10, 2002 transcripts without the associated **exhibits.** Appellant avers, that without the requested exhibits he is foreclosed from a thorough preparation of his appeal on the erroneous denial of his motion for new trial based on newly discovered evidence.

3. Thirdly, Appellant is seeking counsel to represent him on his first appeal to this Court, due to Appellant's legal mental and emotional disability, and his taking numerous psychiatric medications for the same. Therefore, until these issues are all resolved, it is hereby, prayed that the instant motion to enlarge time to file brief on appeal be granted. Appellant prays that the time to file be enlarged by ninety (90) days.

Respecfully submitted

Normand Bedford

## Certification

I, the undersigned hereby, certify that I, caused a true copy of the within motion to enlarge time to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, 150 South Main Street, Providence Rhode Island 02903, this 3rd day of June 2004, by regular U.S. mail postage prepaid. Copy to Rhode Island Supreme Court sent certified mail receipt #7099 3400 0008 9917 9757.

Normand Bedford

Normand Bedford
P.O. Box 8274
Cranston, R.I.
02920-0274

# Adult Correctional Institutions
## Inmate Account Transfer

ID # ________ DATE ________

NAME Richard Leonard Jr L.
LAST FIRST MIDDLE

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. ☐ POSTAGE AMOUNT

1. LETTER/LETTERS ________
2. CARD/CARDS ________
3. CERTIFIED MAIL ________
4. OTHER ________

TOTAL $ 4.12

IV. ☐ WORK RELEASE

RENT FOR WEEK AMOUNT

OF ____ TO ____ $ ________

EXPENSE PAYMENT FOR WEEK

OF ____ TO ____ $ ________

TOTAL $ ________

II ☐ DRAW CHECK/CASH FOR $ ________

NAME

ADDRESS

CITY OR TOWN

RELATIONSHIP

V. ☐ PAYMENT OF FINE

TO ________ COURT

FOR AMOUNT $ ________

PERSON ON VISITING LIST ☐ YES ☐ NO VERIFIED ________
ASSOCIATE DIRECTOR

REASONS FOR TRANSFERRING MONIES ________

________ ________
☐ APPROVED ☐ DENIED ASSOCIATE DIRECTOR DATE

III. ☐ CLOSING OF INMATE ACCOUNT ☐ OTHER $ ________

I HAVE RECEIVED THE FOLLOWING AMOUNT

$ ________ FROM THE ADULT COR-

RECTIONAL INSTITUTIONS BUSINESS OFFICE.

________
INMATE'S SIGNATURE

________
RECEIVED ABOVE PAYMENT

S - 14 OFFICE COPY - WHITE INMATE COPY - CANARY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R.I. Supreme Court
Office of the Clerk
250 Benefit Street
Providence R.I.
02903

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ________ ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7099 3400 0008 9917 9757

PS Form 3811, August 2001 Domestic Return Receipt 2ACPRI-0...

7099 3400 0008 9917 9757

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:
R.I. Supreme Ct. 250 Benefit Street R.I.

| | |
|---|---|
| Postage | $ ✓ |
| Certified Fee | ✓ |
| Return Receipt Fee (Endorsement Required) | ✓ |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.12 |

Name (Please Print Clearly) (to be completed by mailer)
Leonard Bedford 1047603384
Street, Apt. No.; or PO Box No.
PO Box 8274
City, State, ZIP+4
Cranston RI 02920 CR-Reg

PS Form 3800, July 1999 See Reverse for Instructions

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 06/17/2004

SUPREME COURT INFORMATION SYSTEM

DOCKET EVENT LISTING

TITLE: STATEOF RHODE ISLAND V NORMAN BEDFORD FILE NO: 20030030
APPEAL DATE: 12-23-2002 DOCKET NO.: 2003 30 DOCKET DATE: 01-16-2003
APP. TYPE: CRIMINAL APPEAL AGENCY: PROV SUP. COU
LOWER CRT NO.: P1-97-1715A ADD'L CASE NO.:

03-18-2004 ORDER MOTION TO RECONSIDER IS DENIED
DEFT IS TO PROCEED PRO-SE
03-18-2004 ORDER MOTION FOR COUNSEL FEE GRANTED
$ 1,555.00 TO RICHARD K. CORLEY ESQ.
03-22-2004 MOTION FOR RECONSIDERATION
OF APPOINTMENT OF COUNSEL.
03-23-2004 DEFENDANTS MOTION TO EXTEND.
04-20-2004 DEFENDANTS MOTION TO EXTEND. GRANTED 06-20-2004
04-20-2004 MAILED TO ATTORNEYS

# EXHIBIT "B"

R.I. Supreme Court
Attn: Mr. Michael Cafferty Jr.
250 Benefit Street
Providence, R.I. 02903

June 14, 2004

Re: Inquiry into the Docket Event Listing for the filing of Appellant's motion to hold docketing of appeal in abeyance, dated July 25, 2002, received on August 1, 2002, via certified mail receipt.

Dear Mr. Cafferty Jr:

I am writing to inquire, why the enclosed Docket Event Listing dated March 10, 2003, doesn't reflect the filing of my motion to hold docketing of appeal in abeyance, dated July 25, 2002, received by this Court on August 1, 2002, according to the Court's stamp of receipt. This Court also, signed the certification card #7099 3400 0008 5304 5555.

I have enclosed a copy of the cover letter with the Court's Official Stamp dated August 1, 2002. I also, have enclosed a copy of the Docket Event Listing dated March 10, 2003, without the filing of the motion listed. Please check into this matter. I will be waiting for a response. The case No. 1999 209, was also, changed to a new Docketing No. 2003-30, which is strange in light of the absence of the filing. I thank you for your anticipated "cooperation".

Sincerely

Normand L. Bedford

Normand L. Bedford
P.O. Box 8274
Cranston, R.I.
02920-0274

Cc: R.I. Supreme Court
Chief Justice Frank
Williams, 250 Benefit
Street, Providence,
Rhode Island 02903

R.I. SUPREME COURT
OFFICE OF THE CLERK
250 BENEFIT STREET
PROVIDENCE, R.I. 02903

JUL 25, 2002

02 JUL 29 AM 10:42

RE: STATE v BEDFORD-Ca. No. P1/97-1715A
SUPREME COURT No. 99-209-C.A.

Dear Clerk

Please file the enclosed motion to hold docketing of appeal in abeyance and notify me promply as soon as there is a ruling. Please send me a copy of the order of the court. Thank you for your time in this matter.

Sincerely

Normand Bedford

Normand Bedford
P.O. Box 8274
Cranston, R.I. 02920

Certified Mail # 7099 3400 0008 5304 5555.

nb/r.i.s.c.
Cc; file

STATE OF RHODE ISLAND A
PROVIDENCE PLANTATIONS, SUPREME COURT

STATE OF RHODE ISLAND

v. Ca. No. P1/97-1715A

Supreme Ct.99-209-C.A.

NORMAND BEDFORD

**DEFENDANT/APPELLANTS MOTION TO HOLD DOCKETING OF APPEAL IN ABEYANCE**

Now comes Defendant/Appellant, Normand Bedford, and moves this Honorable Court to hold docketing of Defendant's pending appeal of a criminal conviction adjudged in the R.I. Superior Court, Providence, R.I., in abeyance pending resolution of pending post-trial motions unresolved in that court. Defendant has a motion for new trial, on grounds of newly discovered evidence, previously withheld by the State Attorney General, and has prepared to move the court for judgment of his motion. Also, Defendant has moved that court to appoint counsel to represent him on his motion for new trial based on newly discovered evidence. Furtheremore, this Honorable Court previously held the docketing of appeal in abeyance, and remanded the case to the Superior Court for ruling on Defendant's motion for new trial. See enclosed order dated May 20, 1999. However, Defendant's motion has been unresolved thus far. Defendant has also apprised the Superior Court of it's misnomer in denying Defendant's motion for new trial on June 13, 2002, though the motion was yet to be filed. Defendant is waiting to be heard on the merits of his memorandum and clarification of facts, in Superior Court.

EXHIBIT "C"

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

July 8, 2004

Mr. Normand Bedford
P.O. Box 8274
Cranston, RI 02920-0274

Re: Transcript proceedings in P1/97-1715A

Dear Mr. Bedford:

Enclosed please find a transcript of the June 16, 1998 proceedings in P1/97-1715A, before Mr. Justice Pfeiffer. We have so far been unable to additionally locate a June 25, 1998 transcript of a hearing in State of Rhode Island v Norman Bedford, No. P1/97-1715A. We are currently making a further effort to determine whether there was in fact a hearing in your case on June 25, 1998. When we have a definitive answer, which we expect to receive within the very near future, I will immediately notify you.

Thank you for your attention.

Sincerely,

Aaron L. Weisman
Assistant Attorney General
Chief, Appellate Unit

ALW/raa

Enclosure

Cc: Ronald Tutalo, Administrative Assistant
To The Chief Justice, Supreme Court Of Rhode Island

# EXHIBIT "D"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE Sc. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
-vs- : P1/97-1715
:
NORMAND L. BEDFORD :

HEARD BEFORE MR. JUSTICE CLIFTON

AND A JURY

COMMENCING MAY 19, 1998

99-209CA

APPEARANCES:

STEPHEN RYAN, ESQUIRE
Assistant Attorney General . . . . . . . FOR THE STATE

MARK DANA, ESQUIRE . . . . . . . . . . . . FOR THE DEFENDANT

C E R T I F I C A T I O N

I, Edwina M. Butkins, hereby certify that the succeeding pages, 1 through 397 inclusive, are a true and accurate transcript of my stenographic notes.

Edwina M. Butkins
Court Reporter

JULY 10, 1998

MORNING SESSION

THE COURT: Good morning.

THE CLERK: The matter before the Court is P1/97-1715, State versus Normand Bedford, on a Motion for New Trial, sentencing, determination of attorney.

THE COURT: Mr. Bedford, could you identify yourself for the record, please.

THE DEFENDANT: Normand L. Bedford.

THE COURT: Date of birth.

THE DEFENDANT: 11/1/63.

THE COURT: Present address, Mr. Bedford.

THE DEFENDANT: 51 Lake - I'm sorry. 51 Lake-view Avenue, Pawtucket.

THE COURT: The matter is here before the Court on three matters. Determination of attorney, the motion for a new trial, and for sentencing, is that correct, Mr. Ryan?

MR. RYAN: Yes, your Honor.

THE COURT: We will address in order the matter of determination of attorney. Mr. Bedford, you have filed a motion for the appointment of counsel, and that matter, as this Court understands, was heard before Mr. Justice Pfeiffer in Courtroom 9, the Daily Criminal Motion Calendar. And Justice Pfeiffer

granted that motion on June 9, 1998, and the Court appointed Mr. Steingold to or - strike that. The Court referred the matter to Mr. Steingold for his determination as to whether or not he would enter his appearance on your behalf. You are aware of that, Mr. Bedford?

THE DEFENDANT: Yes.

THE COURT: Mr. Steingold.

MR. STEINGOLD: Yes.

THE COURT: On - according to the Court notice, on June 10th the Court appointed you as counsel for Mr. Bedford in this matter, and the matter has been continued for determination as to whether or not you have accepted the appointment.

MR. STEINGOLD: I'll take the Court's note of the dates. I don't recall the date. I know that I was - I received a referral in the mail. I believe it was continued because I was in another Court to June 25th, and that's when there was a meeting in your Chambers on the third floor, and Mr. Bedford was on the video arraignment that day. He wasn't brought into Court, and it was continued to today, and I told the Court that I would go and meet Mr. Bedford in the meantime, which I did do on Wednesday of this week. I met with him for approximately an hour and a half,

request, Mr. Bedford, that the Court appoint counsel for you to represent you during your appeal.

THE DEFENDANT: Please, can you repeat that?

THE COURT: You may request that the Court appoint counsel to represent you on appeal. You may further request that the Court order that the transcript be provided to you at no cost to you, at State's expense. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Is there anything else that you wish to say to the Court, Mr. Bedford?

THE DEFENDANT: Umm-umm, in regard to the last appeal for counsel, do I have to file a new motion?

THE COURT: Yes, sir, a motion for the appointment of counsel to represent you on appeal.

THE DEFENDANT: But in regard to the last motion, what happened with that? I don't understand.

THE COURT: On which motion, sir? The motion for counsel to represent you at the Motion for New Trial?

THE DEFENDANT: Yes.

THE COURT: That was granted, however - and Mr. Steingold was the Court's --

THE DEFENDANT: But he refused to enter.

THE COURT: Yes, sir, you are absolutely

correct. He refused to enter, so the Court has attempted to provide you with counsel at that stage of the proceedings. Now, I'm suggesting that you are entitled to counsel at the next stage of your proceedings, that is appeal.

THE DEFENDANT: But I wasn't - I wasn't really counsel. I didn't have no counsel during this proceeding.

THE COURT: I understand your argument, sir, and the reason why you didn't have any counsel is that this Court is satisfied, due to one - principally your own decision is not to do so, and that's - I've already ruled on that, Mr. Bedford. Do you have any other questions that you wish to ask the Court, sir?

THE DEFENDANT: No, your Honor.

MR. RYAN: Judge, there is a No Contact Order to be signed by the defendant.

THE COURT: Yes, it is.

THE COURT: Anything further, Mr. Ryan.

MR. RYAN: No, thank you, Judge.

A D J O U R N E D

**********************

Exhibit
"E"

R.I. DEPARTMENT OF CORRECTIONS DATE: 11/05/99

RAP SHEET

ID: 102384 SECURITY: MAXIMUM SECURITY
NAME: BEDFORD NORMAN L D.O.B: 11/01/63

| DATE | CODE | TABLE | DESCRIPTION | | | | |
|---|---|---|---|---|---|---|---|
| 05/23/96 | 01 | COMMITMENT | INITIAL COMMITMENT TO ISC | | | | |
| 05/23/96 | 03 | BAILED | INMATE BAILED | | FROM ISC | | |
| 01/03/97 | 01 | COMMITMENT | INMATE RECOMMITED TO ISC | | | | |
| 01/05/97 | 06 | TRANSFER | ISC I | 24T | - | ISC PSY | 04 |
| 01/06/97 | 10 | COURT APPEAR | REMAND | | | | |
| 01/07/97 | 06 | TRANSFER | ISC PSY | 04 | - | ISC H | 110B |
| 01/31/97 | 10 | COURT APPEAR | REMAND | | | | |
| 04/04/97 | 06 | TRANSFER | ISC H | 110B | - | ISC HW | 20 |
| 04/05/97 | 06 | TRANSFER | ISC HW | 20 | - | ISC G | 119T |
| 04/06/97 | 06 | TRANSFER | ISC G | 119T | - | ISC G | 119B |
| 05/28/97 | 10 | COURT APPEAR | 62970240 CHANGED TO P1971715A | | | | |
| 09/25/97 | 10 | COURT APPEAR | P1971716A UPDATED | | | | |
| 10/09/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 10/23/97 | 10 | COURT APPEAR | REMAND | | | | |
| 10/30/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 11/03/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 11/04/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 11/10/97 | 10 | COURT APPEAR | P2971715A UPDATED | | | | |
| 11/17/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 11/24/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 12/24/97 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 01/05/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 01/12/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 01/20/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 01/27/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 02/05/98 | 06 | TRANSFER | ISC G | 119B | - | ISC E | 102B |
| 02/23/98 | 10 | COURT APPEAR | REMAND | | | | |
| 03/14/98 | 06 | TRANSFER | ISC E | 102B | - | ISC H | 105T |
| 03/19/98 | 06 | TRANSFER | ISC H | 105T | - | ISC H | 202T |
| 03/27/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 03/30/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 05/01/98 | 06 | TRANSFER | ISC H | 202T | - | ISC H | 104T |
| 05/05/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 05/06/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 05/09/98 | 06 | TRANSFER | ISC H | 104T | - | ISC E | 208B |
| 05/14/98 | 10 | COURT APPEAR | P1971715 UPDATED | | | | |
| 05/18/98 | 10 | COURT APPEAR | P1971715 UPDATED | | | | |
| 05/19/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 05/20/98 | 10 | COURT APPEAR | P1971715 UPDATED | | | | |
| 05/21/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 05/22/98 | 10 | COURT APPEAR | P1971716A UPDATED | | | | |
| 05/27/98 | 12 | COMMENT | NCO W/ NICOLE DESOURDY(EM) | | | | |
| 06/05/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 06/09/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 06/16/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 06/25/98 | 10 | COURT APPEAR | P1971715A UPDATED | | | | |
| 07/10/98 | 09 | SENTENCED | INMATE SENTENCED 20 YRS CONTROLLING | | | | |
| 07/14/98 | 06 | TRANSFER | ISC E | 208B | - | ISC A | 211B |
| 07/16/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 07/24/98 | 10 | COURT APPEAR | REMANDED | | | | |
| 07/27/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 08/03/98 | 07 | CLASSIFY | I[illegible]TE WAS CLASSIFIED TO MAX | | | | |
| 08/05/98 | 06 | TRANSFER | [illegible]A | 211B | - | MAX PRUD 2 | P2-08 |
| 09/04/98 | 06 | TRANSFER | MAX PRUD 2 | P2-08 | - | MAX PRUD 2 | P2-96 |
| 10/20/98 | 06 | TRANSFER | MAX PRUD 2 | P2-96 | - | MAX HOPE 2 | H2-42 |
| 11/04/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 11/12/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 11/16/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 11/20/98 | 06 | TRANSFER | MAX HOPE 2 | H2-42 | - | MAX PRUD 2 | P2-94 |
| 11/23/98 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 11/26/98 | 06 | TRANSFER | MAX PRUD 2 | P2-94 | - | MAX HOPE 2 | H2-14 |
| 01/15/99 | 06 | TRANSFER | MAX HOPE 2 | H2-14 | - | MAX AQUID 2 | A2-04 |
| 01/15/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 01/19/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 01/26/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 01/27/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 03/03/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 03/17/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 03/24/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 03/29/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 03/31/99 | 06 | TRANSFER | MAX AQUID 2 | A2-04 | - | MAX SEG | SEG-02 |
| 03/31/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 04/09/99 | 06 | TRANSFER | MAX SEG | SEG-02 | - | MAX HOPE 2 | H2-02 |
| 04/11/99 | 06 | TRANSFER | MAX HOPE 2 | H2-02 | - | MAX PRUD 2 | P2-46 |
| 04/13/99 | 06 | TRANSFER | MAX PRUD 2 | P2-46 | - | MAX AQUID 2 | A2-23 |
| 04/19/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 05/03/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 05/05/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 05/13/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 05/26/99 | 10 | COURT APPEAR | REMAND | | | | |
| 05/27/99 | 10 | COURT APPEAR | REMAND | | | | |
| 06/11/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 06/30/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 07/14/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 07/21/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 09/07/99 | 10 | COURT APPEAR | REMAND | | | | |
| 11/01/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 11/03/99 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |