UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND L. BEDFORD
(Petitioner)

v. C.A.No.05-095L

A.T. WALL II, Director of the
R.I. Department of Corrections, et al.,
ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND
(Respondents)

# PETITIONER'S MEMORANDUM TO SHOW CAUSE

Now comes Petitioner, Normand L. Bedford, and hereby submits his memoranda in support of Senior United States Magistrate Judge Jacob Hagopian's March 29, 2005 "Order to Show Cause," received by the Petitioner on or about April 2, 2005.

## Introduction:

1. On 2-21-2005 the Petitioner filed with this Honorable U.S. Federal District Court a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C.A. §2254, along with an associated "Affidavit and Motion for Order to Show Cause," which this Court received and time stamped 2-28-2005. This Court ordered the Petitioner to **Show Cause**, in writing within 14 days, why the instant petition should not be dismissed for a failure to exhaust; and the Attorney General shall provide a Response to Bedford's petition

6

and his response to the Order to Show Cause. However, this Court failed to issue an **Order to Show Cause** to the Respondents (State), pursuant to Petitioner's 2-28-2005 filed motion, attached to his Petition for Writ of Habeas Corpus, and associated Affidavit.

2. First, Petitioner's claims involve [malicious prosecution and abuse of process] in violation of 42 U.S.C.A. §1983; and §7:56, as addressed in his petition.

3. The Petitioner's claims also involve "concealment of evidence" in violation of 18 U.S.C. §1702. The evidence in question, is that of **13 pages of exhibits**, related to the Petitioner's 12-10-2002 "Motion for New Trial Based on Newly Discovered Evidence," which the Petitioner has requested over a dozen times. See enclosed herein, Petitioner's 6-14-2004 certified letter to R.I. Supreme Court Chief Justice Frank Williams, requesting said **exhibits**. Id. at paragraph 3, with it's attached letters of 2-17-2004; and 3-3-2004, as well as a copy of the Providence Superior Court's 1-2-2003 cover-letter filing of transcripts with the associated 13 **pages of exhibits.** Also enclosed therewith, is a copy of the Superior Court's Order of approval for the transcripts and exhibits, therefore, the State is deliberately withholding that material evidence, the same of which was granted on two seperate

occasions, through a Providence Superior Court Subpoena, thus constituting factual basis of "concealment of evidence." This evidence is precluding any potential state corrective process, as it relates to Petitioner's appeal on the erroneous denial of his "Motion for New Trial Based on Newly Discovered Evidence," heard and denied on December 10, 2002. See above noted letter to R.I. Supreme Court Chief Justice Frank Williams as Exhibit "A".

**4.** The Petitioner has submitted to this Court numerous claims of abuses involving the R.I. Supreme Court's failure to file crucial motions and memoranda. These claims have been filed in the Petitioner's prior Petition for Writ of Habeas Corpus, under C.A.No.04-271L with numerous notorized Affidavits of Complaint, none of which, have ever been rebutted by the State through the filing of their own Affidavit of Truth. Therefore, [malicious prosecution and abuse of process] in violation of Federal law, should excuse the exhaustion requirement.

5. On 7-25-2002 the Petitioner filed a certified "Motion to Hold Docketing of Appeal in Abeyance." See enclosed as Exhibit "B", with attached cover-letter dated 3-28-2005, addressed to the R.I. Supreme Court Clerk's Office. Notably, the Petitioner's

R.I. Supreme Court Docket History Report, enclosed and attached to Exhibit "B", "fails to reflect any such filing" though the exhibit has the Court's stamp of receipt on the front page, as August 1, 2002, time stamped 10:44AM. This fact alone, supports the fact that the Petitioner's appeal to the R.I. Supreme Court was deliberately, and erroneously "docketed prematurely."

6. The Petitioner contends that the R.I. Supreme Court further denied him Appellate Counsel, after counsel, though ineffective and clearly deficient, was appointed and later withdrew. Petitioner asserts that "Ineffective assistance of counsel and failure of state to correct deficiency constitue state action, redressable through habeas corpus; state involvement is even greater when counsel is appointed. 28 U.S.C.A. §2254; U.S.C.A. Const. Amend. 6. The conflict between Appellate Counsel and the Petitioner was the result of attorney misconduct, which is supported by a volume of evidence filed with the R.I. Supreme Court Disciplinary Counsel. Petitioner also clarified the misrepresentations of the State in his Petition for Writ of Habeas Corpus, filed under C.A. No.04-271 L., which was a 72 page Supplemental Memorandum and associated "Affidavit of Distress Infinite," and volumes of evidence in the form of exhibits A-Z.

7. The next issue to be addressed in support of Petitioner's showing of cause and prejudice, is that of his "Determination of Attorney Proceedings," heard in the Providence Superior Court on 6-9-1998; 6-16-1998; and 6-25-1998, before Justice Mark A. Pheiffer, and Justice Keough. Notably, Petitioner's "Motion for Appointment of Counsel was granted on 6-9-1998. In a subsequent hearing it was determined specifically, on 6-25-1998, that "It appears that Mr. Steingold has **entered** in your behalf, sir. He should be contacting you shortly." Id. at line 21-23 of transcr-[1] ipts. Notably, this wasn't the case. On 7-10-1998 before Justice Edward C. Clifton, attorney Neil Steingold appeared to represent the Petitioner on his "Motion for New Trial, but at the eleventh hour, **"refused to enter his appearance."** The Court compelled the Petitioner to represent himself, without a knowing, intelligent or effective waiver, and totally against the Petitioner's will, whereas Justice Clifton connotes in the record that "Yes, sir, you are absolutely correct. He refused to enter, so the Court has attempted to provide you with counsel at that stage of the proceedings. Now, I'm suggesting that you are entitled to counsel at the next stage of your proceedings, that is **appeal.**" This is Justice Clifton's idea of guaranteeing every alleged Defendant charged with a capitol felony, the right to "Effective Assistance of Counsel." See enclosed partial transcripts of 7-10-1998, pages 332, 333, 396, and 397, as Exhibit "C". Notably, Petitioner made

Keynote [1] See Exhibit "H", Transcripts of 6-9-1998; 6-16-1998; and 6-25-1998.

repeated, but futile attempts for years to obtain the transcripts of his "Determination of Attorney Proceedings" in support of his denial of counsel claim, both for his "Sentencing Hearing and his First Motion for New Trial" on 7-10-1998. These attempts were made Pro se, as well as by and through numerous appointed counsel, until Providence Superior Court Justice Edwin J. Gale carried the ball from Justice Clifton, when on August 7, 2002 he appointed counsel for the Petitioner to represent him on his "Motion for New Trial Based on Newly Discovered Evidence," but unlawfully, **stipulated** that counsel was to be appointed to represent him on his "Motion for New Trial Based on Newly Discovered Evidence, **only**." This was discussed with appointed counsel, Mr. Damon D'Ambosio, who never filed an "interlocutory appeal" to clarify that Petitioner had errors of Constitutional magnitude, namely, his "illegal and void judgment" obtained in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, enunciated in **Mooney v. Holohan**, 55 S.Ct., and **Johnson v. Zerbst**, **304 U.S.** Notably, mentioned in Justice Gale's August 7, 2002 Order, he circumvents all of Petitioner's prior efforts to secure copies of transcripts for his "Determination of Attorney Proceedings" discussed above, through leaving it to appointed counsel to obtain such "if needed" so it is said. Petitioner's requests to counsel

to procure the essential transcripts were deliberately ignored. The possession of the same would have done no good, because counsel Damon D'Ambrosio was not only deficient in his obligation to the Petitioner, but was acting with malice and against the best interests of justice. This again, is also supported by a substantial and meritorious ethics complaint, filed with the R.I. Supreme Court Disciplinary Counsel. Petitioner's 72 page Supplemental Memorandum filed under C.A. No.04-271L, also, reflect the deficient performance of appointed counsel, leading up to the calculated and erroneous "docketing of Petitioner's appeal." The fact that there is not a filing of Petitioner's "Motion to Hold Docketing of Appeal in Abeyance," in the R.I. Supreme Court as reflected by Exhibit "B", herein, also supports a calculated and malicious act to deprive the Petitioner of his due process rights, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, which clearly states in pertinent part, that "The appropriate procedure for challenging an improperly or an illegally imposed sentence is to seek revision of the sentence initially in the Superior Court pursuant to this rule. The defendant's failure to seek a motion determination precluded the Supreme Court from considering the defendant's challenge to the sentence. **State v. Mc Veigh**, 660 A.2d 269 (R.I. 1995). This factor alone warrants the relief sought in the instant Petition for Writ of Habeas Corpus, with a clear showing of prejudice as well.

**Discussion:**

8. Moreover, Petitioner sought after his transcripts of the "Determination of Attorney" proceedings relevant to the dates of 6-9-1998; 6-16-1998; and 6-25-1998, even after appellate counsel was appointed prematurely. Petitioner's pursuit was delayed and circumvented, resulting in the production and provision of "partial transcripts" of those proceedings.

9. On June 4, 2004 the R.I. Supreme Court issued an Order to the State, to "Procure, and to provide the defendant, a copy of the transcript of the **June 25, 1998** hearing in **State of Rhode Island v. Norman Bedford, No.P1/97-1715A**, which criminal case is presently pending **(erroneously)**, before this Court on appeal." See enclosed Order of June 4, 2004, as Exhibit "D". As stated previously herein, the Petitioner had sought diligently to procure said transcripts of **June 25, 1998**, despite the R.I. Supreme Court Order. In fact, on 12-10-2004 the State responded to the Petitioner's "Motion to Adjudge in Contempt" for failure to produce said transcripts. See enclosed (State's Response) as Exhibit "E". In that response the State denied the existance of a **June 25, 1998** transcript and further conceived the idea that the Providence County Superior Court somehow erred in the issuance of the "Warrant

for Commitment Sheet" and somehow indicative that Petitioner had not appeared in "Video Court" on the date in question. From a security stand-point, this type of confusion is serious. See page 2 of (State's Response) as Exhibit "E".

**10.** On 12-13-2004, after five (5) years of diligently seeking a highly relevant and essential transcript to prove the Petitioner's under an "illegal and void judgment of conviction and sentence," the State filed a "Supplemental Response to Petitioner's Motion to Adjudge in Contempt." Notably, in that response the State concedes that "There indeed exists a record of a June 25, 1998 proceeding involving the defendant in the above entitled matter." See enclosed (State's Supplemental Response) as Exhibit "F", herein. Also enclosed therewith, is a copy of the June 25, 1998 transcripts. Notably, that transcript has a "time code from the Video Monitor." This is strange in light of the fact, that the two preceding transcripts of June 9, 1998, and June 16, 1998, which were also in "Video Court" does not have the "time code" despite the hearings being only weeks apart. This is suspect in light of Petitioner's prior contentions that numerous transcripts of his trial and hearings have allegedly been unlawfully altered. In fact, this malpractice is reported frequently throughout the Prison Correctional Facility amongst inmates convicted of alleged crime.

**11.** More importantly, is the fact that Petitioner had submitted the argument that his rights to due process were being violated in light of the absence of his requested June 25, 1998 transcripts, which substantiate his "illegal and void judgment of his 1998 conviction and sentence." This was submitted to this Court in several Petitions for Writ of Habeas Corpus, as well as a Petition for Removal of Causes, the most recent being under C.A.No.04-271L. The State cannot deny that it is soley responsible for the unreasonable and excessive delay in the Petitioner's first appeal, which has been eighty-one (81) months and climbing. In **Harris v. Kuhlman**, **601 F.Supp.987 (1985)**, it is stated that "State cannot complain of lack of exhaustion when state itself was responsible for this failure."28 U.S.C.A. §2254. It is further stated that "Where delay between conviction and hearing of appeal exceeds 50 percent of petitioner's sentence, court can assume that delay is **prejudicial**." In **Harris v. Champion**, **15 F.3d 1538 (10th Cir. 1994)** the Court excused **Harris** from exhausting his state remedies before proceeding in Federal Court. The Court also noted that the delay raised potential independent violations of **Harris'** Constitutional rights namely, the right to equal protection, the right to due process, and the right to effective assistance of counsel. See also **Odsen v. Moore**, **445 F.2d 806 (1st Cir. 1971)**. Due process requires that the state afford

defendant a timely appeal, for an appeal that is inordinately delayed is as much a meaningless ritual as an appeal that is adjudicated without the benefit of effective counsel or **transcript** of trial court proceedings. U.S.C.A. Const. Amends. 5, 14.

12. Speaking on the issue of "effective counsel," the Petitioner also avers that he has been denied counsel throuhout many of the most crucial stages of proceedings, including appellate remedy, though that process has been prematurely invoked by the State and it's attorneys, in a "corrupt endeavor" to obstruct the administration of justice, in violation of 18 U.S.C. §1503. See enclosed (R.I. Supreme Court Order of March 18, 2004 denial of Petitioner's reconsideration of appointment of counsel) as Exhibit "G".

**Conclusion:**

13. The most relevant reason for the excusing of exhaustion requirement, is that of the continuing "deliberate" withholding of Petitioner's **13 pages of exhibits** relevant for appellate purpose, regarding factual allegations pertaining to violations of Federal law, namely 18 U.S.C. §201 (C)(2), "illegal inducement of a material witness."

14. Additionally, the Rhode Island Superior Court Rules of Criminal Procedure are clear. "In the absence of a motion pursuant to this rule (Rule 35) and determination thereof in the Superior Court, the Supreme Court will not consider issues involving the legality or propriety of a sentence. **State v. Bucci**, 430 A.2d 746 (R.I. 1981). Therefore, since the Petitioner's case has been unfairly and erroneously docketed for appeal, the R.I. Supreme Court must "Remand Case and File back to the Providence County Superior Court, and Appoint Counsel to represent Petitioner's "illegal and void judgment event," as requested on June 24, 2004, by the Petitioner. The same of which, was also presented to this Court in a formal exhibit described as a "Petition for Injunctive Relief" later converted into a "Petition for Writ of Habeas Corpus, pursuant to §2254, under C.A.No.04-271 L.

15. It is a well settled rule that "Exhaustion will be required unless 'there is no opportuntiy to obtain redress in the state court or if the corrective process is so clearly dificient as to render futile any effort to obtain relief.'" **Duckworth v. Serrano**, 454 U.s. 1, 3 (1981). "Futility" may be established by demonstrating that relief has been diligently sought in the state courts but those efforts have been frustrated by an inordinate delay on the

state's part. **Whitman v. Ventetuolo**, **781 F. Supp. 95, 98 (D.R.I. 1991)(citing Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971).**

**16.** The Petitioner also submits the front pages of two separate Supplemental Memorandum's with one page attached to each of them. The first is page 3, as Exhibit "I", herein, which reflects the repeated abuse of process and misfilings of the Rhode Island Supreme Court as it relates to a "Motion to Enlarge Time," with exhibits A-D, demonstrating more of the same malicious conduct of the Rhode Island Supreme Court's Administrative Office. The second Supplemental Memorandum with it's one page attached to page 8, also discusses the receipt of numerous evidences by certified mail, yet the R.I. Supreme Court ignored inquiries submitted by the Petitioner and deliberately **declined** to file a second "Motion to Enlarge Time" to file a brief on appeal, which again mislead this Court into believing that Petitioner ignored numerous Rhode Island Supreme Court Orders, which was not the case. See second Supplemental Memorandum, as Exhibit "J", page 8.

**17.** Therefore, Petitioner has **Shown Cause** and **Prejudice** to warrant his being excused from the "exhaustion requirement" enunciated in the aforementioned cases. Thus, Petitioner respectfully, requests that this Court grant the relief that has frustrated his

due process rights for the past several years, by excusing him from the "exhaustion requirement" that has proven to be nothing but "futile." It is further prayed that this Court issue an Order to the State to **Show Cause** why Petitioner's illegal conviction and sentence should not be vacated with prejudice, related to the Petitioner's 2-28-2005 filed "Motion for Order to Show Cause."

**Respectfully submitted**

Normand L. Bedford

**Normand L. Bedford (Pro se)**
**P.O. Box 8273**
**Cranston, RI 02920**

**Certification**

I, the undersigned hereby, certify that I, caused a true copy of the within Memorandum to Show Cause to be mailed, postage prepaid, this 12th day of **April**, 2005, to: Mr. Aaron L. Weisman Esquire, Rhode Island Attorney Generals Office, 150 South Main Street, Providence, RI 02903.

Normand L. Bedford