**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NORMAND BEDFORD**

**v.** **C.A. No. 05 - 095 L**

**A.T. WALL**, Director of the
Rhode Island Department of Corrections

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On February 28, 2005, Normand Bedford ("Bedford" or "petitioner"), *pro se*, filed with the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to be released from state custody. On March 29, 2005, the Court issued to Bedford an Order to Show Cause, in writing, why the instant petition should not be dismissed for lack of exhaustion. The Court also directed the Attorney General of the State of Rhode Island to file a response to the petitioner's application. The Attorney General timely complied and has moved to dismiss the petition.

These matters have been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that Bedford's petition for a writ of habeas corpus be dismissed. I have determined that a hearing is not necessary.

### Background

In 1998, a Rhode Island state superior court jury convicted Normand Bedford of child molestation. The state court sentenced Bedford to serve twenty years incarcerated with twenty years of probation. Bedford filed a notice of appeal with the Rhode Island Supreme Court but failed, and

continues to fail, to comply with the orders of that court to supply a brief in support of his appeal. Bedford, apparently, is proceeding *pro se* on his direct appeal due to his inability to get along with the countless lawyers that have been appointed to represent him. See Bedford v. Wall, C.A. No. 04-271 L, Report and Recommendation dated Oct. 14, 2004, at 2 (Hagopian, U.S.M.J.)("[T]he record supplied by Bedford demonstrates that he has had no fewer than ten attorneys, most of whom were either fired by Bedford or were forced to withdraw due to disciplinary complaints filed against them by Bedford.").

By way of the instant application, Bedford seeks to have this Court hear and determine his criminal appeal. This is Bedford's fifth attempt to bypass the state courts and have his criminal appeal heard in this venue. See Bedford v. Wall, C.A. No. 00-466 T (writ of habeas corpus dismissed for a lack of exhaustion), State of Rhode Island v. Normand Bedford, C.A. No. 03-254 T (petition for removal dismissed), Bedford v. State of Rhode Island, C.A. No. 04-271 L (writ of habeas corpus dismissed for lack of exhaustion), and Bedford v. Rhode Island Department of Corrections, C.A. 04-527 L (writ of habeas corpus dismissed for lack of exhaustion). This Court has consistently directed Bedford to the pursue his direct appeal in the state courts prior to bringing a writ of habeas corpus here. Bedford, obviously, has not heeded this Court's advice, instead focusing his efforts on filing habeas petitions here.

**Discussion**

Before this Court may entertain a petition for habeas relief, a petitioner must exhaust his remedies available in state court. See 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts his state court remedies by fairly presenting his claims to the highest state court with jurisdiction to consider them. Keeney v. Tamayo-Reyes, 504 U.S.1, 9 (1992); Picard v. Connor, 404 U.S. 270, 276 (1971). This

means that Bedford must have presented the substance of his federal constitutional claims to the state appellate court so that the state court had the first chance to correct the claimed constitutional error. See Lanigan v. Maloney, 853 F.2d 40 (1st Cir. 1988). Only if the same factual and legal theory that forms the basis of the petitioner's habeas petition has been presented to the state court will the petition for writ be properly before the federal court. Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994); Nadonworthy v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question presented.

Here, Bedford has not presented any of his claims asserted in his habeas petition to the Rhode Island Supreme Court. More significantly, Bedford continues to have ongoing proceedings in the state courts where he can present the claims asserted in his instant habeas petition (his direct appeal and any motions for post conviction relief that he may choose to file pursuant R.I. Gen. Laws §10 - 9. 1.1 et seq.). Bedford has not given the state courts "one full opportunity to resolve any constitutional issues" through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, I find that Bedford's claims are unexhausted and the instant application should be dismissed. I so recommend.

**Conclusion**

For the reasons stated above, I recommend Bedford's petition for a writ of habeas corpus be dismissed. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792

F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir 1980).

Jacob Hagopian
Senior United States Magistrate Judge
July 1, 2005