UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND BEDFORD<br>(Petitioner)<br><br>v.<br><br>A.T. WALL, Director of the R.I. Dept. of Corrections, ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND<br>(Respondent(s)) | *<br>*<br>*<br>*<br>*<br>*<br>* | C.A.No.05-095L<br><br> |

FILED
AUG 15 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PETITIONER'S MOTION TO ENLARGE TIME**

Now comes Petitioner, Normand Bedford, in the above entitled matter and hereby moves this Honorable United States Federal District Court for an "Enlargment of Time" to file additional evidence related to his pending "Petition for Writ of Habeas Corpus" pursuant to **28 U.S.C. §2254.** Petitioner's position is that his access to the Court is repeatedly being impeded in different forms. Notably, Petitioner has been denied "notary service" despite numerous futile attempts. It is said that two (2) State officials within the Rhode Island Department of Corrections Maximum Security facility, who are licenced notory publics, are out on leave. Counselor Vicki Gillerin, and officer Pellissey. Interestingly, a "teaching instructor" offered his services, but the next day informed Petitioner that "he could not notorize his papers" per order of his boss. Petitioner points out that numerous Corrections officers are reading his legal

No objection having been timely filed pursuant to the Local Rules for the District of Rhode Island, the within motion is hereby granted.

Deputy Clerk

Date: 8/31/05

material before he copies it, in violation of **18 U.S.C. §1503; and §1702**, described as "Prying into the legal business and secrets of another." Incidently, the D.O.C. Administration knows what it is that Petitioner is trying to submit to the Court before a final decision on the merits of his petition. Perhaps this is why Petitioner was later denied the legal right to have a "teaching instructor" notorize his papers. Perhaps this is also why the Bldg. #3 education and law library has been repeatedly closed down in the evenings of this week, and even closed ten (10) minutes early on August 10, 2005, at 2:20pm. Perhaps this is why Petitioner was denied copies for several days during the week of August 8, 2005, because of an alleged "deliberate error" on the part of "law library officer Frank Pezza" who continues to harrass Petitioner daily. Perhaps this is why Petitioner was ordered to move to another "housing block" early on August 11, 2005, losing "one full hour" of law library time to file this instant motion. Then, when Petitioner went out to the "law library" at the second movement (9:30AM), for the second and last period of the morning, he was "interrogated by Officer Frank Pezza" for at least fifteen minutes, again, infringing on Petitioner's "access to the Court."

Petitioner respectfully requests, for all the foregoing reasons, an "Enlargment of Time to File additional evidence" prior to a determination of his petition. He requests that time to be enlarge twelve (12), days or until August 30, 2005, respectively.